GREESON v. CANNON.

## Opinion delivered January 19, 1920.

1. EQUITY—JURISDICTION.—Jurisdiction of equity to determine the title to land includes jurisdiction to give full relief by ousting the wrongful occupant.

2. APPEAL AND ERROR—HARMLESS ERRORS.—Where the law court erroneously held that the decree of the chancellor settling title to land was not conclusive, but gave judgment in favor of the same party, the judgment will be affirmed.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*R. G. Davies,* for appellant.

The land sued for was never the plaintiff's; it was in section 3; it was never described with accuracy; and no one can tell where it is from any evidence introduced. The statute of limitation must be based upon open, notorious, hostile possession and an *honest* claim of title against the world, and the court erred in not giving defendant's instructions. Blashfield Inst. to Juries, pp. 1328 and 1324. Plaintiffs were allowed to introduce the chancery decree, but defendant was not allowed to introduce the evidence of Baker, the surveyor, taken to maintain the decree, or any of the surveyors. Defendant nevertheless proved he did not trespass, and plaintiffs never claimed the land, and the judgment should be reversed.

*A. Curl,* for appellee.

The decree introduced in evidence sustains plaintiff's contention, and, not having been appealed from, is conclusive. But aside from this the evidence is conclusive that plaintiffs' ancestor and plaintiffs had maintained a fence at the place named in the complaint for thirty-five years and that those who preceded defendant in title to the adjoining land had all that time recognized the fence as the dividing line and acquiesced in the possession and occupation of the strip of land in question. The case was properly submitted to the jury on the statute of limitations, and the verdict is conclusive and should be affirmed. Kirby's Digest, § 5056.

WOOD, J. The appellees instituted this action against the appellant in the Garland Circuit Court. They alleged that for more than thirty years their ancestor, J. J. Teague, had had title to the NE. ¼ of section 10, township 3 south, range 20 west, and more than thirty years ago he constructed a fence along what was conceded by the owner of lands adjoining on the north to be the north line of said tract; that the fence was kept up and so recognized as the north boundary line of the land until the death of J. J. Teague about the year 1907; that after the death of J. J. Teague the fence remained in the same place and was recognized by the appellees and the owners of the land adjacent thereto on the north as the line between them until the month of February, 1918, when appellant who had come into the possession of the land adjoining on the north set up claim to certain lands south of the fence before mentioned and which land is described as follows: "Beginning at the east end of the aforesaid fence, run thence south 27 feet; thence west, bearing a little north 694 feet; to a point where the said fence intersected the said line of the aforesaid fence of the plaintiffs; thence east 694 feet, to the place of beginning."

They alleged that the appellant took possession of this land and that the appellees instituted a suit in the chancery court of Garland County against the appellant to restrain him from trespass upon the land; that upon the hearing of that suit the chancery court found as matters of fact "that the said fence so constructed by the said J. J. Teague, the plaintiffs' ancestor, from whom plaintiffs inherited, and so kept up and maintained by said J. J. Teague, in his lifetime, and by these plaintiffs after his decease, had been for more than thirty years recognized by the said J. J. Teague and those succeeding him in title, and those preceding in title in the land owned by the defendant, as the true line dividing the lands of the plaintiffs and the lands of the defendant; and that the said line so marked by said fence had, by the statutes of limitations, become the established line between the

said lands of the plaintiffs and the lands of the defendant.''

The appellees further alleged that the said decree of said court was of record at page 438, Book Q, of the records of the proceedings and decrees of the said chancery court, and they asked same to be taken as a part of the amended complaint and alleged that said decree has not been appealed from, has not been set aside, or in any wise modified or altered, but remains in full force.

The appellant answered and admitted that the appellees owned the NE. ¼, NE. ¼, section 10, township 3 south, range 20 west, but denied specifically all other allegations of the complaint. The cause was heard on the issues thus raised.

Appellees, over the objection of appellant, introduced in evidence the decree of the chancery court referred to in the complaint which recites in part as follows: ''The court, being now and sufficiently advised as to law and facts involved in this cause, doth find that the plaintiffs are the owners of the * * * (here follows a description of the land as alleged in the complaint to be owned by the appellee and also a description of the adjoining land alleged to be owned by the appellant) * *　*. This action being based on a controversy as to the boundary line between the said two tracts of land, the court doth find that a fence built and erected by the ancestor of the plaintiffs, and maintained by him and those succeeding him in title and possession for more than thirty years, was, and has been for more than thirty years, recognized by him and those succeeding him in title and by those preceding the defendant in title and possession, marking the true boundary line between the said two tracts of land; and, as matter of law, the court doth find that the said line, so marked by the said fence, has, by virtue of the statute of limitations, become, and is the true boundary line between the said two tracts of land; and the court further finds as a matter of fact that recently, and a few days before the institution of this suit, the defendant proceeded to erect, and did erect, a fence on the land

south of this line, so as to encroach upon, and enclose about the twenty-seven feet of the land enclosed by said fence, and which was, and has been in the possession of the plaintiffs and those under whom they hold for more than thirty years, and now holds possession of the same. But, as matter of law, this court has no jurisdiction to oust, or to enter a judgment of ouster to dispossess the defendant of said land. But that the plaintiff will have to resort to a court of law for such judgment of ouster.''

By consent, the pleadings in the chancery court were read in evidence upon which the recitals set forth above were based. The trial court construed the decree of the chancery court as not intending to settle the title to the land in controversy, but that it was only intended to preserve the rights of the parties *in statu quo* until there could be a final determination of the issue as to title in a court of law.

There was testimony introduced on behalf of the appellees tending to sustain the allegations of their complaint and also testimony introduced by the appellant tending to prove that a survey made by the county surveyor at appellant's instance showed that the land in controversy was land to which he had the record title.

In the view we have taken of the cause it is unnecessary to set forth and discuss this testimony, nor do we deem it necessary to set forth and discuss the instructions of the court. The jury returned a verdict for the appellees, and from the judgment in their favor is this appeal.

The judgment is correct and must be affirmed for the reason that the decree of the chancery court was *res judicata* of the issue in this cause. That decree was between the same parties and involved the same subject-matter. The trial court in this cause misconstrued the decree holding that it was not intended to settle the title to the land in controversy. Such finding and holding was, as we construe it, directly contrary to the findings and the decree of the chancery court. The recitals of that decree plainly show that the court found that the

appellees were the owners by virtue of the statute of limitations, and that they were entitled to the possession of the land in controversy, but the chancery court was of the further opinion that it had no jurisdiction to oust the appellant of the possession. In this conclusion the chancellor was plainly in error. Having acquired jurisdiction of the parties and of the subject-matter for the purposes of settling title and granting injunctive relief, the chancery court plainly had the further power to oust the appellant of the possession and to grant its writ of assistance if necessary for that purpose. Having acquired jurisdiction for one purpose, it should have retained it as to all and should have under its findings of fact and law granted the appellees the relief for which they prayed in their original complaint. *Merchants & Farmers Bank* v. *Harris,* 113 Ark. 100-11; *Dickinson* v. *Ark. City Imp. Dist.,* 77 Ark. 570-76, and other cases cited in 2 Crawford's Digest, 1865.

Although the circuit court erred in construing the decree of the chancery court, its judgment is, nevertheless, correct for the reason stated, and it is affirmed.

McCulloch, C. J., (concurring). The evidence in this case is abundant to sustain appellees' title by adverse possession, and, as that issue was properly submitted the jury, I think the judgment shold for that reason be affirmed. But I do not agree with the majority that the former decree of the chancery court was a bar to appellant's defense in this action. Appellees prayed for the same relief in the chancery court as in the present case, but the court denied the relief and remitted appellees to the law court to obtain that relief. The chancery court merely restrained appellant from trespassing on the land until the rights of the parties with respect to the land could be determined, and refused to grant other relief expressly deciding that that court had no jurisdiction to do so. Now the chancery court may have erred in refusing to fully adjudicate the rights of the parties, but its refusal to do so does not bar a subsequent

adjudication by a court of competent jurisdiction. The reasons given by the chancery court for the small measure of relief granted to appellees does not constitute an adjudication of the issues involved in this suit, for it is obvious that the chancery court meant to leave those issues undecided, holding that it was without jurisdiction to decide them.