JOSEPH F. BRADY, on Behalf of Himself as Stockholder of the MEEBRA REALTY COMPANY, and All Other Stockholders Thereof Who May Come in and Contribute to the Expenses of This Action, Respondent, *v.* DANIEL MEENAN, Individually and as President of the MEEBRA REALTY COMPANY, Appellant.

First Department, February 9, 1923.

Corporations — representative action by stockholder to compel officer and director to account for funds — corporation necessary party — demand on corporation to bring action should have been alleged and proved — decision containing findings of fact and conclusions of law should have been made — judgment merely adjudging defendant to be indebted not correct — defects cannot be ignored under Civil Practice Act, § 105.

In a representative action instituted by a stockholder of a corporation on behalf of himself and other stockholders to compel an officer and director to account for funds belonging to the corporation, the corporation is a necessary party and should have been brought in when the attention of the court was called to the defect.

The complaint should have alleged a demand upon the corporation to bring the action or an excuse for not making the demand, and the demand should have been proved on the trial.

The trial was before the court without a jury and a decision containing findings of fact and conclusions of law signed by the justice should have been made.

The judgment, which merely adjudges the defendant to be indebted to the corporation and which contains no direction to whom the money should be paid, is not sufficient.

The defects stated are such that they cannot be ignored by virtue of the power vested in the court by section 105 of the Civil Practice Act.

APPEAL by the defendant, Daniel Meenan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 24th day of June, 1922, after a trial at the Bronx Special Term.

*James A. Delehanty* [*John T. Loughran* of counsel], for the appellant.

*L. J. Morrison,* for the respondent.

PAGE, J.:

This is a derivative action, brought by a stockholder of a corporation on behalf of himself and other stockholders, to compel an officer and director to account for funds belonging to the corporation, collected and retained by said officer. In such an action the corporation is a necessary party, and should have been brought in when the attention of the court was called to this defect of parties at the trial. The complaint should have alleged a demand upon the corporation to bring the action or an excuse for not doing so. The complaint was amended by order of the court upon the trial to allege such a demand, but no proof thereof was offered. The evidence satisfied the justice that the defendant was accountable to the corporation in the sum of $6,214.23, but there was no decision containing findings of fact and conclusions of law signed by the justice; the judgment merely adjudges the defendant indebted to the corporation, and there is no direction to whom he should pay the money. We are of opinion that the defects in this case are beyond the limits of the liberality of section 105 of the Civil Practice Act, and that, in justice to all the parties, the complaint should be dismissed, to the end that the action may be commenced against the proper parties and on a sufficient complaint.

The judgment should be reversed, with costs to the appellant, and the complaint dismissed, without costs to either party as against the other.

CLARKE, P. J., DOWLING, SMITH and MCAVOY, JJ., concur.

Judgment reversed, with costs to appellant, and complaint dismissed, without costs to either party as against the other.