Roland L. MORGAN *v.* Charles F. ROBERTSON, Don ROBE, James F. TALL, and Darlene SMITH

CA 80-308 609 S.W. 2d 662
Court of Appeals of Arkansas
Opinion delivered December 17, 1980

*Ball & Mourton*, for appellant.

*Epley, Epley & Castleberry, Ltd.*, for appellees.

STEELE HAYS, Judge. This is an interlocutory appeal from an order striking the Elna M. Smith Foundation, Inc., as a party plaintiff in a derivative action under Rule 23.1 (ARCP). Appellant filed suit as an officer, director, and member, on behalf of the Foundation and its members, against other directors, alleging a multitude of acts of misfeasance and nonfeasance in violation of the By-Laws and Articles and against the interests of the Foundation, essentially *intra vires* in character.

The defendants denied the allegations, asserted that appellant was no longer a member, officer and director, and moved to strike the Foundation as a party plaintiff, and directors not having authorized the suit.

The motion to strike the Elna M. Smith Foundation, Inc., as a party plaintiff was granted, pursuant to a letter opinion from the Chancellor finding that the Foundation was not the real party in interest and that under the present pleadings the case was not certifiable as a class action under Rule 23, or as a derivative action by a member of a corporation under Rule 23.1.

Roland L. Morgan has appealed from the order, alleging that the court erred in finding that the Foundation was not the real party in interest, and in finding that the action was not properly brought as a derivative suit under Rule 23.1 (ARCP). We think the court was correct in striking the Foundation as a party plaintiff, but we disagree with the findings.

I

It is settled beyond dispute that in a derivative suit on behalf of a corporation either against third persons or against officers or directors of the corporation, the corporation is a

necessary party. It is, in fact, inherent in the nature of the suit itself that it is the corporation whose rights are being redressed rather than those of the individual plaintiff. It follows that the corporation is regarded as the real party in interest. The authority for this conclusion is ample and without dissenting jurisdiction. Arkansas has dealt with the question sparingly, but in *Red Bud Realty Company* v. *South*, 153 Ark. 380, 241 S.W. 2d 21 (1922), the Supreme Court recognized the propriety of the corporation being named as a party defendant with the majority stockholders in a suit by a minority stockholder alleging misappropriation of the assets of the corporation and other acts perverting the purposes of the corporation, saying:

> The corporation is a necessary party to such an action, and is named and brought in, that appropriate orders may be made not only to protect all the corporate rights, but also that through it the rights and equities of individual shareholders may be worked out and preserved.

The rule is stated in Volume 13, FLETCHER CYCLOPEDIA OF CORPORATIONS, § 5929:

> In legal effect, a stockholders' suit is one by the corporation conducted by the stockholders as its reprsentative. The stockholder is only a nominal plaintiff, the corporation being the real party in interest. (Citing numerous cases.)

In *Breswick & Company, et al* v. *O. Henry Briggs, et al*, 135 F. Supp. 397 (1955), it is said that in derivative suits the corporation is the real party in *interest*, although the real parties in *litigation* were the stockholders.

Appellants cite the oft-quoted case of *Ross* v. *Bernhard*, 396 U.S. 531 (1970) in which Mr. Justice White, speaking for the majority in a derivative suit, said:

> The corporation is a necessary party to the action; without it the case cannot proceed. Although named as a defendant, it is the real party in interest, the stockholder being at best the nominal plaintiff.

464

In *Brink* v. *DaLesio*, 453 F. Supp. 272 (D.C., Md. 1978), the corporation was said to be an "indispensable" party. See also *Porter* v. *Sabin*, 149 U.S. 473 (1893); *Brady* v. *Meenan*, 198 N.Y.S. 177 (1923); *Koster* v. *Lumberman's Mutual*, 330 U.S. 518, 19 L.Ed. 1067 (1947); *Kohler* v. *McClellan*, 77 F. Supp. 308 (1948). FLETCHER CYCLOPEDIA OF CORPORATIONS, § 5997, states:

> The corporation is a necessary defendant. In other words, the corporation on behalf of which the plaintiffs sue *must be made a party defendant* so that a decree may appropriately give the corporation the fruit of any recovery.

This alignment of parties is admittedly anomalous, as it places the individual plaintiff, seeking to protect a corporation from threatened acts or to redress those already accomplished, in an adversary position to the corporation he is defending. This incongruity is worthy of concern and it has been the object of some criticism:

> . . . generally speaking, the benefits of the (derivative) suit are taken by the corporation and only indirectly by the person who files the bill, although the corporation is not even a co-plaintiff, but is to be found among the defendants. Indeed, a standard text writer regrets this very circumstance, opining that the innocent shareholders are disheartened, and the guilty encouraged, because of the rule that "the results of even a successful suit belong to the corporation, and not to the stockholders who sue." (Citing *Beling* v. *America Tobacco Company*, 72 N.J. Eq. 32, 65 Atl. 725.) YALE LAW JOURNAL, Volume 33, P. 580, "The Stockholders Suit."

In *Cannon* v. *Acoustics Corporation*, 398 F. Supp. 209 (N.D., Ill, 19), the opinion attributes the alignment of the corporation as a defendant in a derivative suit to "historical reasons," noting that in reality the corporation is the plaintiff, the stockholder being only a nominal plaintiff. See *Miller* v. *American Telephone & Telegraph Company*, 394 F. Supp. 58 (1975).

We conclude that the corporation is a necessary party to a derivative suit and, whether logical or not, the settled view is that the corporation is named as a defendant and entitled to service of process as any other defendant. Thus, we believe that the Court was correct in striking the Foundation as a plaintiff but was incorrect in finding that the Foundation was not the real party in interest. However, the correct result was reached and, therefore, we treat the issue as one of affirmance. *Mobley* v. *Scott*, 236 Ark. 163, 365 S.W. 2d 122 (1963); *Greeson* v. *Cannon* 141 Ark. 540, 217 S.W. 786 (1920).

## II

It is also submitted that the Chancellor erred in finding that on the state of the pleadings the case was not certifiable as a derivative action under Rule 23.1. But the import of the finding is not clear, as the other appealed from does not dismiss the complaint. In fact, the memorandum opinion of the Court contemplates a trial on the merits and suggests specific dates for that purpose. Thus, the finding does not appear to affect the litigation at this stage; however, some comment is appropriate in interpreting Rule 23.1.

The appellees defend the finding on the argument that the complaint fails to meet the requirements of the rule in several respects; it fails to allege that Morgan was a member of the Foundation at the time of the acts complained of; it fails to identify the Foundation members; it fails to allege Morgan's efforts to obtain the action he desires from the directors or to explain his reasons for not making the effort; and that Morgan does not fairly and adequately represent the interests of members similarly situated.

Which, if any, of these the Court relied on is not explained. But we think in two respects the Court would be correct in finding the "present state" of the pleadings to be deficient. The rule does require that a plaintiff in a derivative suit allege that he was a stockholder or a member at the time of the transactions complained of and surely the appellant can be expected to make this allegation or explain why not. Also, the Court noted the lack of any allegation regarding members of the Foundation and we think the requirement of the rule that

a plaintiff fairly and adequately represent the interests of the members justifies requiring compliance with the rule to a greater degree than the complaint now provides. In its present form, the complaint fails to supply any information regarding members — who they are, where they are, how they became members, or even whether there are members. If this information is not known to appellant, but is available to the defendants, even that ought to be alleged and pursued by the discovery.

It should be recognized, however, that Morgan's standing to bring this suit need not rest alone on his status as a member of the Foundation, as he professes to be an officer and a director of the Foundation and assuming that to be so, he has the necessary standing to complain against the sort of acts charged in the complaint. We believe an officer, director and a member of a non-profit corporation is not without standing to question the management and conduct of other officers and directors which are alleged to be in violation of the By-Laws and Articles and against the purposes of the corporation. If such an individual lacks standing, who would have it? We regard the public as having clear interest in non-profit corporations from the standpoint of the faithful administration of the affairs of the corporation. The standing of one or more directors of non-profit corporations to act derivatively in behalf of the corporation does not seem open to question. *Wickes* v. *Belgian American Educational Foundation, Inc.*, 266 F. Supp. 38 (D.C., N.Y. 1967); *Holt* v. *College of Osteopathic Physicians and Surgeons*, 294 P. 2d 932 (S.C., Cal. 1964).

With respect to the requirement that a plaintiff allege with particularity the efforts made to obtain the action he desires from the directors and the reasons for his failure to obtain the action or for not making the effort we reach a different conclusion.

The cases recognize that there are situations in which the demand requirement should be relaxed and if the demand is in all likelihood a futile gesture, it is not essential. See FLETCHER CYCLOPEDIA OF CORPORATIONS,§ 5964:

No demand on stockholders is necessary where it is apparent that it would be useless, the same rule being applicable as in case of necessity of demand upon the directors or other corporate officers. Conditions are generally such that no demand upon the stockholders as a body is necessary or where a demand on such board is excused.

Moreover, those considerations are made on a case by case basis. § 5965, FLETCHER CYCLOPEDIA OF CORPORATIONS:

Whether any case falls within this principle excusing a demand, or not, must be determined largely by its own particular circumstances, as there is no absolutely certain test.

The case of *Red Bud Realty Company* v. *South*, cited previously, dealt with the necessity of demand by a minority stockholder:

The law does not require a futile ceremony. Therefore, whre a majority of the directors are under the control of a majority of the stockholders, and an action is brought against them by an innocent shareholder in his own name, charging wrongdoing on their part in the manner above indicated, it is not necessary for him to allege and prove, as a condition precedent to the maintenance of the action, that, before instituting the same, he protested to the board of directors against their own mismanagement and appealed to them for redress. Such protest would fall upon deaf ears, because a majority of the directors could not be expected to authorize, or to institute, an action against themselves charging themselves with fraud. If they should do such an anomalous thing, in the language of the Supreme Court of Missouri, "the bad faith of their action would be so apparent that no court would entertain the suit." *Hingston* v. *Montgomery*, 97 S.W. 202. We conclude, therefore, that the complaint should not be dismissed because it fails to allege that the plaintiff, before in-

stituting the action, applied to the board of directors for redress of the alleged injuries of which he complained.

Knepper, *Liability of Corporate Officers and Directors*, § 17.05 recites that the rule requiring demand upon the directors will be excused if it would be useless, as where the directors are participants in the alleged wrongdoing, "or were dominated by the alleged wrongdoers, or profited by the alleged wrongdoing."

It seems evident that demand upon the directors in the premises of this case would be of no real purpose. Presumably they would deny a request for action by the plaintiff as emphatically as they denied the allegations of the complaint.

The cases invoked by appellees on this point are not persuasive. *Kusner* v. *First Pennsylvania Corp.*, 395 F.Supp. 276 (E.D. Pa. 1975), Rev'd 531 F.2d 1234 (3d Cir. 1976), supports the principle but the case was reversed on grounds not involving the question of the derivative action, no appeal having been taken on that issue. In *Clinton Hudson & Sons* v. *Lehigh Valley Cooperative Farms*, 73 F.R.D. 420 (E.D. Pa. 1977), the defendant's motion to dismiss the derivative action was based, at least in part, upon the fact that the corporation had already filed suit on its own behalf in state court on the same grounds. The District Court noted the pleadings in the two suits were substantially the same and said: "Thus maintenance of plaintiff's derivative action in this forum could only result in duplicative efforts and results." Obviously, where the corporation acts in its own behalf, the need for a derivative action abates. *Abrams* v. *Mayflower Investors, Inc.*, 62 F.R.D. 361 (Dist. Ill. 1974) is in point, however, each case must be judged on its own merits and there are dissimilarities between the two cases. For one thing, in *Abrams* the plaintiff is a stockholder charging the directors with improper conduct in general terms and the court noted the plaintiff's lack of any firsthand knowledge of the internal affairs of the directors. Such is not the case before us.

For the reasons stated, the order is affirmed and the case is remanded for further proceedings without prejudice to the right of the plaintiff to amend the complaint, naming the Foundation as a party defendant, alleging whatever plaintiff was a director, officer, or member of the Foundation during all or parts of the acts complained of, whether the Foundation

has members and such information as plaintiff may reasonably supply.

Affirmed as modified herein and remanded for further proceedings not inconsistent with this opinion.