Thomas B. KAY, et ux *v.* ECONOMY FIRE
AND CASUALTY CO.

84-135                                            678 S.W.2d 365

Supreme Court of Arkansas
Opinion delivered November 5, 1984

*Rose Law Firm, A Professional Association,* by:
*Stanley E. Price,* for appellant.

*Matthews & Sanders,* for appellee.

DARRELL HICKMAN, Justice. This case involves inter-
pretation of Rule 15 of the Arkansas Rules of Civil
Procedure. The trial court refused to allow either party to
amend their pleadings after a certain date and because of
the peculiar facts of the case, we cannot say he abused his
discretion. The judgment is affirmed.

The Kays' house, insured by the appellee, Economy,
burned on June 19, 1980, and was totally destroyed. A
proper proof of loss was submitted and Economy rejected
it because the claim was "excessive, inaccurate, non-
supported and not properly detailed." The Kays filed this
suit on the policy claiming policy limits of $65,000 and

penalties and attorneys' fees pursuant to Ark. Stat. Ann. § 66-3238 (Repl. 1980). The Kays also asked for punitive damages in the sum of $500,000 for bad faith to·pay the claim.

Economy filed an answer generally denying the claim and alleging the policy was obtained through "material misrepresentation" and accusing the Kays of either burning the house or causing it to be burned. The Kays filed interrogatories and requests for admissions which Economy did not answer. In December, 1980, the Kays moved for summary judgment on the claims on the policy and a jury trial on the issue of punitive damages. A hearing was held in January, 1981, on the motion for summary judgment. The hearing was not recorded but referred to later in two orders of the trial court. At the hearing Economy admitted to failing to answer the interrogatories and that the defenses set up in its answer were without proof. Economy agreed to confess judgment on the policy. The Kays' attorney gave Economy additional time to answer the interrogatorries and requests for admission. Two days later Economy filed an amended answer, stating it had tendered the policy amount and interest, but denied that it owed penalties or attorney's fees. In March, Economy moved to dismiss the claim for punitive damages, arguing that Ark. Stat. Ann. § 66-3238 was an exclusive remedy. In April, the Kays filed an amended complaint alleging, in addition to bad faith, acts of dishonest, malicious, and oppressive conduct. The Kays reduced their original claim from $65,000 to $64,500, which was the policy amount less the deductible. Economy immediately seized on this by confessing judgment to $64,500 and moving that the Keys were only entitled to the policy amounts and were no longer entitled to penalties and attorney's fees, since they had reduced their claim.

This state of the pleadings and maneuvering resulted in the trial court entering an order on July 8, 1981, that Economy could not take advantage of the Kays' amended complaint to avoid paying penalties and attorney's fees, because the understanding of the lawyers at the unrecorded January conference was that there would be no further pleadings filed after that date. The trial court granted the

Kays' claim for the policy amount, penalties and attorneys' fees, and ruled the case would proceed to jury trial on the issue of punitive damages.

At some point, the plaintiffs realized that they had not made any allegations for compensatory damages in their tort of bad faith claim. They attemped to amend their pleadings to make that claim. Economy resisted the attempt. The trial judge pointed out that he had not allowed Economy to file further pleadings after January, 1981, and, therefore, he would not allow the Kays to amend. He found, however, that the Kays' original claims supported a claim for punitive damages. During this time, we decided *Aetna Cas. & Sur. Co.* v. *Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1983), which clearly reiterated recognition of the tort of bad faith and that that tort was not pre-empted by § 66-3238. Economy sent a copy of *Aetna* to the trial court arguing that since bad faith is a tort, any claim for punitive damages must be supported by a claim for compensatory damages. The Kays' attorney conceded that to be true and also essentially admitted that he had made no such claim.

The Kays again asked to amend. The trial court, in a letter opinion, stated that both parties agreed that no cause of action for bad faith was stated in the original complaint and that, since he had originally decided there would be no further pleadings by either party after January and had not allowed Economy to attempt to defeat the Kays' claim for fees and penalties, it would be unfair to allow the Kays to do so to salvage their claim. He entered a judgment on the pleadings and dismissed the complaint.

On appeal we have the single issue of whether the trial court abused his discretion. ARCP Rule 15 (a) governs. It reads:

> (a) Amendments. A party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause unduly delayed because of the filing of an amendment, the court may strike such amended

pleading or grant a continuance of the proceeding. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

The reporter's note of this rule states:

Section (a) of Rule 15 marks a substantial change from FRCP 15 (a) and is generally in accord with prior Arkansas law. The Committee believed that amendments to pleadings should be allowed in nearly all instances without special permission from the court. *The court is, however, given discretion to strike any amendment which would cause prejudice* or unduly prolong the disposition of a case. As an alternative to striking an amendment, a continuance could be granted by the trial court. Under prior Arkansas law, trial courts were given broad discretion to permit an amendment to stand. [Cites omitted.] Generally speaking, it is the intent of this rule that amendments to pleadings should be permitted without leave of the court in all instances unless it can be demonstrated that prejudice or delay would result. To this extent, Rule 15 is more liberal than superseded Ark. Stat. Ann. § 27-1160 (Repl. 1962) and is certainly more liberal than the Federal Rule. (Italics supplied.)

In W. Cox and D. Newbern, *New Civil Procedure: The Court That Came in From the Code,* 33 Ark. L. Rev. 1 (1979), Rule 15 (a) is discussed:

Rule 15 (a) continues the prior policy of Arkansas law permitting liberal amendment of pleadings. If anything, this rule further liberalizes the practice so that a party is free to amend his pleadings at any time, subject only to the requirement that an amendment must not prejudice the opposing party or cause a delay in the proceedings. The trial court is vested with broad discretion to determine whether an

amendment should be allowed to stand. Obviously this discretion can be abused, but as noted previously, the intent of this rule is to encourage and permit amendment so the burden of proving an abuse of discretion will weigh the heaviest upon one who moves to strike an amended pleading.

So, we have a rule which encourages amendment of pleadings. However, the trial court is still vested with broad discretion in allowing or denying amendments, and we cannot say the trial court here abused its discretion.

The recited facts reflects the unusual nature of the state of the pleadings and that, with the understanding of the parties, the trial court sought to hold the parties to their existing claims as of January, 1981. The Kays argue that the trial court only meant to close the pleadings with regard to any claim for damages under the contract. However, the trial court clearly stated that the case would have to stand or fall on the claim for punitive damages "as is." The trial court denied amendments by either party. Certainly, under these circumstances, we cannot say the trial court abused its discretion.

Affirmed.

HUBBELL, C. J., not participating.