110

Pamela BOHANNAN *v*. Carol UNDERWOOD and Cecil
B. Underwood

89-107                                                776 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered October 2, 1989

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by:
*Brian Allen Brown*, for appellant.

*Meadows, Davis & Goldie*, by: *James E. Goldie*, for
appellee.

ROBERT H. DUDLEY, Justice. Appellant, Pamela Bohannan,
admitted liability in this automobile collision case. The only issue
tried to the jury was damages. The jury returned a verdict in favor
of appellee Carol Underwood for $51,140. We affirm.

The sole issue raised by this appeal is whether the trial court
erred in refusing to grant a mistrial because appellee testified that
she was no longer financially able to see her doctor. Appellant
argues that evidence of one's pecuniary condition is highly
prejudicial and should never be heard by a jury unless it is directly
relevant to some issue in the case. We do not address the issue
because it is raised for the first time in this appeal.

■ Objections to evidence must specify the grounds for the
objection unless the specific grounds are apparent from the

context. A.R.E. Rule 103(a)(1). The reason for this rule is clear. A timely, specific objection at trial is essential in order to afford the trial court the opportunity to rule. Error may not be predicated upon a ruling admitting evidence unless there is such a timely, specific objection. A.R.E. Rule 103(a)(1); *Walt Bennett Ford, Inc.* v. *Brown*, 283 Ark. 1, 670 S.W.2d 441 (1984).

The challenged testimony arose as follows:

A. Well, he said that he had done—

MR. SHARP: [Appellant's attorney] Objection, Your Honor—

THE COURT: That would be hearsay.

THE WITNESS: How do I answer?

MR. GOLDIE: [Appellees' attorney] You can't say what Dr. Butler said, but in—in terms of the decision process, if there was something that Dr. Butler told you, you can say it was something Dr. Butler said, or if it's another reason that you had, you can state your own reasons why, after those few months, you stopped going to Dr. Butler on a regular basis.

A. Uh, I couldn't afford it.

MR. SHARP: Objection, Your Honor, that's not proper—

THE COURT: What was—

MR. SHARP: —evidence.

THE COURT: What was the question?

MR. GOLDIE: The question was, after the few months of treatment she had with Dr. Butler, why did she stop going on a regular basis to Dr. Butler. And, her response was, that she could not afford it. I think that's a legitimate question.

THE COURT: And, your objection is what?

(Whereupon, the following proceedings were had out of the hearing of the jury.)

MR. SHARP: (At the bench.) I don't think that's legitimate evidence, and I move for a mistrial.

THE COURT: (At the bench.) Well, I—I'll overrule your motion.

■ Appellant never specified the ground now argued for her objection, and it is not readily apparent from the context. Consequently, she is precluded from asserting it for the first time on appeal.

Affirmed.

PURTLE, J., concurs.

GLAZE, J., not participating.

JOHN I. PURTLE, Justice, concurring. I agree that the issue is being raised for the first time on appeal, and therefore, we should not consider the matter. However, that does not imply error. The answer given by the plaintiff was proper for the purpose of showing the reason plaintiff was no longer receiving medical treatment. It went to show the extent of her injuries. It was not a general statement of pecuniary condition, and accordingly, was a proper answer.

I concur.