McILROY BANK & TRUST *v.* ACRO CORPORATION, et al.

CA 89-196                                      785 S.W.2d 47

Court of Appeals of Arkansas
Division II
Opinion delivered February 28, 1990

*Roy & Lambert,* by: *David E. Morris,* for appellant.

*Steven D. Tennant*; and *Pearson, Evans & Chadwick,* by: *C. Thomas Pearson,* for appellees.

JOHN E. JENNINGS, Judge. Appellee Acro Corporation was in the business of raising chickens and, in connection with its business, borrowed extensively from appellant, McIlroy Bank & Trust Company. Acro defaulted on its notes and on March 3, 1986, McIlroy filed suit for $500,000.00 and sought to foreclose its mortgages in Washington County Chancery Court. Ralston Purina Company, another creditor of Acro, was permitted to intervene.

On March 21, 1986, Acro filed a petition under Chapter 11 of the United States Bankruptcy Code and the foreclosure suit was stayed. The stay was subsequently lifted, and the chancery action was set for trial for November 1, 1988. On that date counsel for Acro, McIlroy Bank, and Ralston Purina appeared and announced that the case had been settled. The parties agreed that the court would enter a consent judgment in favor of McIlroy Bank against Acro for $541,772.24, representing the amount of principal and interest due. They also agreed that the settlement would have no effect on a related lawsuit then pending in Washington County Circuit Court. Finally, they agreed that Ralston Purina would be awarded a reasonable attorney's fee. Nothing was said about an attorney's fee for appellant. The court asked Mr. Morris, the attorney for McIlroy Bank, to prepare the decree.

Morris prepared a proposed decree but when he presented it

to Mr. Pearson, the attorney representing Acro, Pearson would not approve it because the decree would have awarded an attorney's fee of more than $54,000.00, and also because of a disagreement as to the language in the decree preserving the rights of the parties in the pending action in circuit court. Unable to resolve the disagreement, counsel for McIlroy Bank then took the unapproved consent judgment to the judge's office and left it for him to sign. Counsel for Acro responded by drafting its own proposed consent decree which awarded McIlroy Bank an attorney's fee of only $1,000.00 and contained substantially different language concerning the effect on the related litigation pending in circuit court. It was this decree that the chancellor signed, although none of the lawyers had approved it.

McIlroy Bank then filed a motion to amend the judgment. The court never ruled on the motion and it was "deemed denied" at the end of thirty days from its filing. Arkansas Rules of Appellate Procedure, Rule 4(c).

The primary argument on appeal is that the chancellor erred in signing a consent agreement to which appellant did not agree. We hold that it was error to sign the consent decree under these circumstances.

Rule 58 of the Arkansas Rules of Civil Procedure provides that the trial court "may enter its own form of judgment or decree or may enter the form prepared by the prevailing party without the consent of opposing counsel." A Reporter's Note to the Rule states:

> Implicit in this rule is the right of opposing counsel to be afforded an opportunity to approve the form of the judgment or decree. Where there is disagreement between the parties as to the form of the judgment or decree, the court should hold a hearing to consider whatever objections there might be.

Although Rule 58 does not, by its terms, apply to consent judgments, the admonition contained in the note applies with considerably more force in this context. A consent judgment is different in nature from a judgment rendered on the merits. In *Vaughan* v. *Brown*, 184 Ark. 185, 40 S.W.2d 996 (1931), the court said, "[c]onsent excuses error and ends all contention

between the parties. It leaves nothing for the court to do, but to enter what the parties have agreed upon, and when so entered, the parties themselves are concluded." (quoting *Schmidt* v. *Oregon Gold Mining Co.*, 28 Ore. 9, 40 P. 406 (1895)). In *Selig* v. *Barnett*, 233 Ark. 900, 350 S.W.2d 176 (1961), the court said:

> A judgment by consent is in effect an agreement or contract of the parties, acknowledged in court and ordered to be recorded, with the sanction of the court. A judgment by consent of the parties is a judgment, the provisions and terms of which are settled and agreed to by the parties to the action in which it is entered, and which is entered of record by the consent and sanction of the court. A consent judgment is not a judicial determination of any litigated right, and is not the judgment of the court except in the sense that the court allows it to go upon the record and have the force and effect of a judgment. [Punctuation altered and citations omitted.]

██ A valid consent judgment cannot be rendered by a court when the consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court. *Burnaman* v. *Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951). The term "consent judgment" necessarily implies a consent at the time the judgment is entered. The court may not enter judgment when it is advised that one of the parties either denies the existence of the contract or repudiates it, or for any other reason no longer consents to the judgment. *Van Donselaar* v. *Van Donselarr*, 249 Iowa 504, 87 N.W.2d 311 (1958); *see also Lalanne* v. *Lalanne*, 43 N.C. App. 528, 259 S.E.2d 402 (1979). A consent judgment rendered without the consent of a party will be inoperative in its entirety. *Overton* v. *Overton*, 259 N.C. 31, 129 S.E.2d 593 (1963).

*Milstead* v. *Milstead*, 633 S.W.2d 347 (Tex. App. 1982), was a divorce case. During the trial the parties entered into a settlement in open court. Afterwards each party submitted proposed judgments which were conflicting. The court cited *Burnaman, supra*, for the proposition that a valid agreed judgment cannot be entered when the consent of one of the parties is

lacking. The *Milstead* court said:

> The trial court has no power to supply terms, provisions or details not previously agreed to by the parties.
>
> When the parties submitted conflicting motions for judgment, the trial court was put on notice that mutual consent of the parties was lacking. At that point, rather than granting one party's motion and denying the other, the court should have denied *both* motions on the ground that mutual consent was lacking. [Citations omitted, emphasis in original.]

The circumstances in the case at bar are virtually identical to those presented to the court in *Milstead*. The chancellor should not have signed the decree proposed by the appellee after having become aware of a disagreement between the parties. Appellant is entitled to an order setting aside the consent judgment in its entirety. *See Overton* v. *Overton, supra.*

Reversed and Remanded.

MAYFIELD and ROGERS, JJ., agree.