Donna WALKER *v.* Bert HYDE, et al.

90-31                                                798 S.W.2d 435

Supreme Court of Arkansas
Opinion delivered November 12, 1990

*John M. Belew; Murphy, Post, Thompson, Arnold &
Skinner,* by: *Jerry Post*; and *Paul Post,* for appellant.

*Laws, Swain & Murdoch, P.A.,* by: *Ike Allen Laws, Jr.,* and
*Allen Laws,* for appellees Bert Hyde and David Hyde.

*Friday, Eldredge & Clark,* by: *Michael G. Thompson* and
*Guy Alton Wade,* for appellees Charles Blanchard, Robert Hayes
Williams, and First National Bank of Russellville, Arkansas.

E. CHARLES EICHENBAUM, Special Justice. The plaintiff
Donna Walker was a part owner in a vending company, Valley
Vending, Inc., begun in 1984, which had, for a brief period, the
concession for vending machines at Arkansas Nuclear One
("ANO"). Prior to March, 1984, she had been an employee of C
M Vending, which had previously held the ANO contract, and
before that an employee of Hyde Vending Company, owned by

the defendant, Bert Hyde.

The defendant Bert Hyde had been the owner of Hyde Vending Company, who sold that company to C M Vending, and, from the sale date in 1973 through 1984, was contractually obligated not to compete with C M Vending. The defendant David Hyde is the son of Bert Hyde and was a part owner of Valley Vending, Inc., with the plaintiff. The defendant Randy Talkington was also a part owner of Valley Vending, Inc., and an officer of the First National Bank of Russellville. The defendants Robert Hayes Williams, Charles Blanchard, and John Doe were all employees, officers, or directors of the First National Bank of Russellville. Robert Hayes Williams was also an attorney. The defendant First National Bank of Russellville provided financing to Valley Vending, Inc. These loans were guaranteed by the appellant and other individual appellees.

The C M Vending Company, employer of Donna Walker, had a contract to install, maintain, and supply vending machines at Arkansas Nuclear One, Russellville, Arkansas. She believed, and it appears was encouraged to believe by employees at Nuclear One, that she had an opportunity to bid successfully on the renewal of the aforementioned contract. Prior to June 20, 1984, Ms. Walker formed her own corporation, Valley Vending, Inc.

Prior to the bidding, she approached the First National Bank of Russellville, Arkansas, for a loan to finance the proposed operation. In testimony, disputed as to detail, it appears that the bank was concerned with such application, noting to her an absence of managerial experience and financial background. In testimony, largely undisputed, the bank encourage her to acquire such missing elements for the purposes of enabling approval of the loan.

During this period, and with the encouragement of the bank's employees, she consulted with her former employer, Bert Hyde. On the 14th day of June, 1984, she was told by Bert Hyde, one of the defendants, that she should take in his son as a shareholder for the enterprise. At the time of Bert Hyde's insistence and persuasion of Donna Walker with respect to sharing the stock of her corporation, Ms. Walker admitted in depositions that she was represented by counsel and she had

knowledge of the existence of *some* contract between Hyde and the vending company, although she professed an absence of knowledge of details. Bert Hyde's desire to remain aloof from the transaction was more verbal than actual, and the record reflects that his role was not entirely passive. At the time he was a party to a non-competition agreement with C M Vending. The vending company by whom Donna Walker had been employed, and which was replaced in her successful bid, promptly sued all of the parties involved in the new corporation and Bert Hyde.

The basis for the vending company suit against Hyde and others was the non-competition agreement entered into at the time Hyde sole his company to C M Vending. The trial court had found the agreement to be in force and effect and this court affirmed *Hyde* v. *C M Vending Company, Inc.,* 288 Ark. 218, 703 S.W.2d 862 (1986).

When this suit was successful, Donna Walker's corporation lost the contract. Financial reverses ensued; it became insolvent and its assets were sold in partial satisfaction of the bank debt.

The complaint in this matter was filed by Donna Walker against Bert Hyde, his son David Hyde, the First National Bank, and Robert Hayes Williams, Charles Blanchard, Randy Talkington and John Doe, officers of the First National Bank on August 28, 1987.

The original complaint, not a model of brevity, consisted of 55 allegations on its Count One, being a prayer against all of the defendants, and 17 allegations as a separate ground for action against the First National Bank of Russellville.

The factual allegations summarize that the defendants acted in concert by a course of conduct that resulted in the plaintiff giving substantial stock ownership in her new corporation to David Hyde (and ultimately to David Hyde and Randy Talkington). The gravamen of her complaint is that these additional stockholders exposed the new corporation to the risk that ultimately became the thread from which the cloth unraveled, the risk that the new corporation and its principals would be found in violation of Bert Hyde's contractual covenant not to compete. This, the appellant now claims is a risk that the appellees fully understood, that she did not fully understand, and

that the defendants' failure to disclose the same to her should be the basis for compensation in this action.

Damages were sought for deprivation of control and ownership of her enterprise, loss of good will of the business enterprise, future gross receipts, future net profits (then unknown), relief from indebtedness, damages for lack of good faith and fair dealing and breach of fiduciary duty (as a co-venturer) by the bank.

The case comes to us on appeal from the Circuit Court of Pope County as a result of the granting by said court of a motion for summary judgment. At issue is the determination of whether the complaint, in the light of depositions and the record submitted, justifies a reversal of that determination.

We have reviewed the original complaint, and all of its particulars, for the purpose of determining whether alleged wrongs, so stated, and the record referred to, justify a reversal.

We find it does not.

The arguments on appeal — based on the record — involve, necessarily, whether damages are sought by a person with standing, and whether or not, if standing exists, appellant has stated facts upon which relief can be granted.

The court below was properly concerned with the issue of standing. If the injuries alleged to have been suffered by the plaintiff below were those for which relief should be granted to the corporation, and not a shareholder, appellees argue that derivative action was the only proper route for relief. Upon review of the complaint, it so appears that much of the relief sought would be subject to such conclusion. Specifically, her request for damages from the loss of the ANO concession contract, the goodwill associated with the concession contract, and the gross receipts and profits generated therefrom are corporate. Thus any action to recover this loss is derivative in nature and subject to A.R.C.P. 23.1. *Morgan* v. *Robertson*, 271 Ark. 461, 609 S.W.2d 662 (1980); *Hunter* v. *Old Ben Coal Company*, 844 F.2d 428 (7th Cir. 1989).

This court does not treat lightly the obligation of ascertaining that a summary judgment is appropriate. See *Childs*

v. *Berry*, 268 Ark. 970, 597 S.W.2d 134 (1980). In considering a motion for summary judgment, a judge may consider pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, to determine whether there is a genuine issue as to any material fact, and whether the moving party is entitled to summary judgment. *Hallmark Cards, Inc.* v. *Peevy*, 293 Ark. 594, 739 S.W.2d 691 (1987); *McCaleb* v. *National Bank of Commerce*, 25 Ark. App. 53, 752 S.W.2d 54 (1988).

In its quest for an appropriate answer to our question, the court here must turn to the Rules of Civil Procedure, including A.R.C.P. 12(b)(6), *i.e., failure to state facts upon which relief can be granted*, and as the latter bears relationship to A.R.C.P. 8, defining the necessity for the statement of claims to which the pleader considers herself entitled to relief.

In the complaint, the allegations of individual loss from taking of her stock are not followed by a recital in prayer for relief of any specifics of loss therefrom; that is, no ascertainable claim for damages from such taking of "control and ownership" is discernible.

We must conclude that there is, necessarily, a synergistic relationship between the pleading of fact and the relief sought. *See* A.R.C.P. 8. For an alleged issue of fact to be decided, there must be an appropriate prayer for relief; for an appropriate prayer for relief, there must be a genuine issue of fact extant. A motion for summary judgment is appropriate when no issue of fact, properly pleaded, remains to be decided, A.R.C.P. 56. See *Joey Brown Interest* v. *Merchants Nat'l Bank*, 284 Ark. 418, 683 S.W.2d 601 (1984), for interplay between A.R.C.P. 12(b)(6) and A.R.C.P. 56. There is no genuine remaining issue of fact with respect to the claims the appellant had no standing to bring. Nor is there any issue remaining as to the personal claims she alleged but for which she sought no relief. In this case, after the review of the pleading, in the light of the depositions taken, we find no genuine issue of material fact remains.

Affirmed.

Special Justice ERIC W. BISHOP joins in this opinion.

HAYS and TURNER, JJ., not participating.