Paul A. SCHMIDT, Pauline B. Schmidt, and Paul G. Schmidt *v.* McILROY BANK & TRUST

91-116                                                     811 S.W.2d 281

Supreme Court of Arkansas
Opinion delivered June 10, 1991
[Rehearing denied July 8, 1991.]

*Steven D. Tennant*, and *C. Thomas Pearson, Jr.*, for appellants.

*Robert R. Estes*, for appellee.

ROBERT H. DUDLEY, Justice. The appellants, Paul A. Schmidt, Pauline B. Schmidt, and Paul G. Schmidt, were the sole stockholders in the Acro Corporation, a family farming corporation. The corporation held its checking accounts in, and borrowed extensively from the appellee McIlroy Bank and Trust. The notes, security agreements, and mortgage involved in this dispute were executed in the corporation name. After the corporation overdrew one of its checking accounts, the bank declared its loans to the corporation insecure. The bank accelerated payment of the notes, made demand for payment, filed suit in chancery court for foreclosure on the security for the notes, and sought a judgment for the remaining deficiency, if any, against the corporation, as well as the individual appellants as guarantors of the notes. The chancery court suit apparently has not been finally concluded. *See McIlroy Bank & Trust* v. *Acro Corp.*, 30 Ark. App. 189, 785 S.W.2d 47 (1990).

Next, the corporation and the individual appellants filed this "lender's liability" suit against the bank in circuit court. They asked damages for the corporation and damages for themselves as stockholders, but did not ask relief for themselves as guarantors of notes, possibly because the chancery court had not yet determined whether there was a deficiency for the guarantors to pay. The bank filed an answer and a motion for summary judgment with supporting exhibits and affidavits. The corporation and the individual appellants filed an amended complaint and again asked damages for the corporation and themselves as stockholders, but, again, did not ask for damages as a result of the guaranty

agreement.

The trial court granted summary judgment against the corporation on the ground that its charter had been revoked for failure to pay franchise fees, but did not grant summary judgment against the individual appellants.

The bank filed a second motion for summary judgment with attached exhibits showing that all notes, security agreements, and mortgages were executed in the name of the corporation and were only guaranteed by the individual appellants. The appellants field a brief opposing the summary judgment and two of their arguments were that they had "stated a cause of action against the bank under the guarantees" and that "the real parties in interest in this cause of action are the individuals as guarantors." The concluding paragraph of their brief begins as follows: "The plaintiffs [appellants] have clearly shown that the real parties in interest under the facts set forth in the amended complaint are the individuals as guarantors and parties to the notes and extensions. The plaintiffs should be allowed to amend their complaint to permit the real parties to prosecute the action." However, even though ARCP Rule 15(a) provides in part, "a party may amend his pleadings at any time without leave of court," the appellants did not file an amended complaint.

The bank filed a brief in which it responded that 12B Fletcher, *Cyclopedia of Corporations*, § 5916, p. 447(Perm. Ed. 1984) provides that "a personal guaranty *may be* a basis upon which suit can be brought," but that the individual appellants "have not alleged any individual causes of action on the basis of their guaranty contracts." Then, at the hearing on the second motion for summary judgment the bank's attorney stated:

> One other issue that I would like to address is the fact that plaintiffs now raise a cause of action based upon the guaranty contracts. This is not plead in the Complaint, and not plead in the amended Complaint. I cannot find the word "guaranty" or "guaranty contract with guarantor" or any derivative thereof in the Complaint or amended Complaint. (Tr. 1262). The first time "guaranty" shows up is in the plaintiff's response to the Defendant's second Motion for Summary Judgment. A personal guaranty may be a basis upon which a suit can be brought. There is no

question about that. At no time have plaintiffs plead a cause of action on the guaranty contracts.

The individual appellants' attorney responded, "We ask the court to allow the plaintiffs to amend the complaint for the sole purpose to include the individuals as guarantors and state a cause of action that would not leave any question. . . ." Again, the individual appellants did not amend the complaint, either orally or in writing. Immediately thereafter the court, from the bench, announced that it was granting summary judgment against the individual appellants, and further stated:

> Second, as far as the guarantees, there's no allegation in either the Complaint or amended Complaint which I earlier allowed to stand, is not plead in either one of these two Complaints. I think that, on the day of the hearing on a motion for a summary judgment, is too late to amend the Complaints to include it, so I'm going to deny your oral motion, Mr. Tennant, to amend your Complaint at this particular point in time.

For their first point of appeal, the individual appellants argue that the trial court erred in refusing to permit them to amend their complaint because (1) "the trial court raised the issue on its own motion" and (2) the trial court did not require a showing of prejudice to the bank or undue delay in the disposition of the cause. Under the facts of this case the arguments are without merit.

ARCP Rule 15(a) provides in pertinent part:

> [A] party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding.

The intent of the rule is stated in the reporter's notes as follows: "The Committee believed that the amendments to pleadings should be allowed in nearly all instances without special permission from the court. The court is, however, given discretion

to strike any amendment which would cause prejudice or unduly prolong the disposition of a case." We have followed that stated intent. *See Webb* v. *Workers Compensation Comm'n*, 286 Ark. 399, 692 S.W.2d 233 (1985); *Kay* v. *Economy Fire & Cas. Co.*, 284 Ark. 11, 678 S.W.2d 365 (1984).

■ Appellants argue that the trial court erred in denying the oral motion to amend "on its own motion." The argument is fallacious. The trial court did not rule "on its own motion." Instead, the trial court responded to appellants' unnecessary motion to amend. It was not a ruling on the court's own motion. If the making of a ruling on that unneeded motion was error, it was invited error. We do not reverse for invited error. *Missouri Pac. R.R. Co.* v. *Gilbert*, 206 Ark. 683, 178 S.W.2d 73 (1944).

■ Appellants also argue that the trial court erred because it did not make a finding that the proposed amendment would cause either prejudice or undue delay of the disposition of the case. The argument is without merit for two reasons. First, the matter was not brought to the attention of the trial judge, and we do not reverse for matters raised for the first time on appeal. *Bohannan* v. *Underwood*, 300 Ark. 110, 776 S.W.2d 827 (1989). Second, the proposed amendment was never offered, and the trial court had no way of knowing whether prejudice or undue delay would result. Until the trial court knew the factual details of the allegation, it could not know whether additional depositions or interrogatories were necessary. Similarly, we have no way of knowing, and we will not presume error. The rule requires a finding of prejudice or undue delay only when the court *strikes* a pleading. In that situation the court would naturally have the facts alleged in the amendment before it and would be able to determine whether prejudice or undue delay would occur. The rule does not require a finding of prejudice or undue delay when a party has merely filed an unnecessary motion seeking to amend. The trial court and the other party are entitled to know the factual allegations of the amendment. If our holding were otherwise a party who was responding to a motion for summary judgment and who was worried about the sufficiency of his proof would always file a motion to amend before the hearing solely as a dilatory safety valve. He would always get more time, because the trial judge could not make a ruling on prejudice or delay. The result would be slower and more expensive determination of the action.

That is not the purpose of our rule.

■ The appellants did not argue below, and do not argue in this appeal, that they orally amended their complaint to state a cause of action as guarantors. Under our long standing procedure, we consider only arguments raised by the parties. We do not consider reversing the trial court for the unargued reason that the appellants orally amended their complaint to state a cause of action as guarantors.

[5] The appellants next argue that the granting of summary judgment was in error because an issue of material fact remained to be decided. In brief, their argument is that when the corporation's charter was revoked for failure to pay franchise fees, the officers and shareholders were considered to be operating the business as a partnership and were individually liable for the obligations of the *de facto* corporation, see *Whitaker* v. *Mitchell Mfg. Co.*, 219 Ark. 779, 244 S.W.2d 965 (1952); *Gazette Publishing Co.* v. *Brady*, 204 Ark. 396, 162 S.W.2d 494 (1942), and since they were subjected to individual liability as partners, they ought to be allowed, in fairness, to bring suit in the same capacity. The argument, while novel, is without merit. The reasoning behind the cases holding officers and stockholders liable is that they ought not be allowed to avoid personal liability because of their nonfeasance. On the other hand, it does not follow that they should be allowed to benefit by their nonfeasance by allowing them to bring suit as partners. The effect of revocation was that the corporation lost its capacity to sue, *Sulphur Springs Recreational Park* v. *City of Camden*, 247 Ark. 713, 447 S.W.2d 844 (1969), and this particular type of corporate cause of action ceased to exist. To allow the individual appellants to bring this cause of action would effectively reverse prior law which prohibits suits by a corporation whose charter has been revoked and, in addition, would reward them for their nonfeasance.

■ The individual appellants had no standing as shareholders to sue for injuries to the corporation. A motion for summary judgment is appropriate when no issue of fact, properly pleaded, remains to be decided. *Walker* v. *Hyde*, 303 Ark. 615, 798 S.W.2d 435 (1990). The appellants had not pleaded any individual causes of action under their separate guaranty con-

tracts with the bank. Therefore, the trial court did not err in granting summary judgment.

We need not address the appellants' third point of appeal which involves an alternative reason for the trial court's granting summary judgment.

Affirmed.

HOLT, C.J., and BROWN, J., dissent.

ROBERT L. BROWN, Justice, dissenting. The majority's decision on amended pleadings represents a major departure from our past precedent and from the plain language of Ark. R. Civ. P. 15(a). It is now the position of the majority that oral amendments to a complaint are no longer permissible prior to trial and that a trial court has discretion to disallow an amendment on grounds that the amendment is "too late." What is unsettling is that the decision harbingers the erosion of an important civil pleading rule based on the facts of an individual case.

Here, the appellee Bank filed its motion for summary judgment long before any scheduled trial. At the hearing on the motion the Bank's attorney argued to the trial court that the appellants "now raise a cause of action based upon the guaranty contracts." That attorney further alluded to the appellants' response to the Bank's summary judgment motion, where, he said, the guaranty "shows up."

The attorney for the appellants made the following argument in support of bringing the causes of action in the appellants' capacity as guarantors:

> [W]e ask the Court to allow the plaintiffs to amend the Complaint for the sole purpose to include the individuals as guarantors and state a cause of action that would [not leave] any question. . . . [I]t was the *Sacks* . . ., the *Buschmann* . . ., and . . . the *Van Petten* case[s] that said, you do have a cause of action as guarantors on the notes. . . .
>
> Also, . . . we have pled an intentional infliction of emotional distress in our Amended Complaint. That goes to the individuals. The McIlroy Bank has acted on the

personal guarantees, both on the extension agreements of the notes, and on individual guarantees that were signed in 1983 and 1985. The individuals have suffered the harm, . . . and it's a breach of contract action, and that's what we have pled, not only breach of contract, but the intentional infliction of emotional distress.

What counsel was asking the court to do was permit the causes of action for the individual appellants, who were already plaintiffs to the complaint, to be specifically brought by them as guarantors. His amendment amounted to little more than the inclusion of the word "guarantors" in the complaint because, as he pointed out to the trial court, factual allegations on behalf of the individual appellants had already been pled.

The majority says that the trial court did not know the factual details of the amendment, but that is not the case. The trial court did understand the amendment and declined to allow it for these reasons:

1. There was no allegation of guaranties in the complaint.

2. Amending the complaint on the day of a summary judgment hearing was too late.

3. The appellants/guarantors could bootstrap themselves into circuit court by means of the guaranties.

4. The appellants/guarantors could have dissolved Acro Corporation and had a cause of action against the Bank.

5. Failure to keep Acro in good standing and failure to dissolve the corporation were arguments against allowing the appellants/guarantors to sue as guarantors.

6. The accounts of Acro were frozen — not the accounts of the appellants/guarantors.

The trial court treated the appellants' attempt to include the word "guarantors" in their complaint as both a motion to amend and as an actual amendment:

Court: I've allowed one amended Complaint this

morning that was filed in August, but I'm going to deny your amendment at this point in time and your objections will be noted.

In doing so and then in granting the Bank summary judgment, the trial court committed reversible error.

Our rule on amendments to pleadings is exceptionally clear: ". . . a party may amend his pleadings at any time without leave of the court." Ark. R. Civ. P. 15(a). The majority would read into the rule additional requirements that the amendment be in writing and be timely. The rule, however, does not require that. And we should not construe the rule to mean other than what it says. *Mears v. Arkansas State Hospital*, 265 Ark. 844, 581 S.W.2d 339 (1979).

The majority raises the spectre of a dilatory tactic by counsel making frivolous oral amendments to pleadings at hearings on summary judgment motions. The alternative is the course which the majority has chosen to follow which is to curtail the parties' freedom to amend in nearly all instances without leave of the court. Reporters' Notes to Rule 15.

The majority justifies its decision in part on the basis that it does not glean from the appellants' argument a contention that they actually amended their complaint. I disagree. The appellants were not allowed to amend their complaint. They argued in this appeal that they "sought only to add the words 'breach of guaranty agreements' to the Complaint." This equated to an amendment, and the trial court certainly recognized it as such when it said, "I'm going to deny your amendment."

The reality of court practice is that an attorney does not say to a trial judge in the middle of a hearing, "I hearby amend my complaint whether you like it or not." It is couched in terms of a request to amend, as a vehicle for offering the proposed amendment. That is what happened here, and all in attendance understood it, including the trial court. The trial court erred when it denied that amendment, and that error is what is before this court.

By advising the trial court of his amendment, counsel for the appellants did what was necessary to comply with Rule 15(a). If the Bank's counsel had an objection to the amendment, he should

have moved to strike it on grounds of prejudice or undue delay as provided under Rule 15(a). The trial court could then have made its decision. That procedure was not followed in this case.

The rules were not adhered to, and for that reason reversal is in order. If there is one axiom under our civil procedure rules, it is that Arkansas recognizes a liberal pleading policy. *See Kay* v. *Economy Fire & Casualty Co.*, 284 Ark. 11, 678 S.W.2d 365 (1984). A corollary to that axiom is our previous statement regarding Rule 15(a) that the rule, in fact, encourages amendments to pleadings. *Id.*

Those policies have been thwarted by the decision in this case.

HOLT, C.J., joins.