SULPHUR SPRINGS RECREATIONAL PARK, INC. *v.*
CITY OF CAMDEN, ARKANSAS ET AL

5-4182                                          414 S. W. 2d 113

Opinion delivered April 17, 1967
[Rehearing denied May 22, 1967.]

*G. E. Snuggs,* for appellant.

*Gaughan & Laney,* for appellee.

PAUL WARD, Justice. This appeal comes from an Order of the Chancery Court refusing to strike portions of the defendant's answer.

To understand the issue raised by appellant it is necessary to set out a summary of the facts and pleadings.

Sulphur Springs Recreational Park, Inc. (appellant) was organized for the purpose of constructing, building,

maintaining, and operating a public recreational park and center for the use and benefit of citizens of the City of Camden and of Ouachita County. On January 14, 1965 appellant filed a complaint in chancery court 'alleging: On September 22, 1949 it obtained a twenty year lease on certain lands, and has spent $6,000 constructing buildings and improvements thereon; certain persons (named as defendants) have, in divers ways, taken over and appropriated to their own use a large portion of the leased lands—to appellant's damage in excess of $35,000. The prayer was for recovery of said damages. Appellees (City of Camden and six individuals) filed an answer on January 25, 1965 denying all material allegations in the complaint. They also pleaded forfeiture of the lease and the Statute of Limitations by laches and estoppel.

On February 15th appellant filed a "Motion to strike Portions of Answer" on the ground that the answer contained "affirmative allegations" and was not served on appellant as required by Ark. Stat. Ann. §§ 27-361 and 27-362 (Supp. 1965).

The trial court overruled appellant's Motion to strike, holding appellees' answer was filed within the time provided by the statutes. The court also found that the case should be "set for trial on the complaint and the answer." Appellant excepted, and filed a notice of appeal to this Court.

The essence of appellant's point for a reversal is that the trial court erred in refusing "to strike affirmative allegations of appellees' answer."

We do not, and cannot, reach the merits of the issue attempted to be raised by appellant, because there is no final order from which an appeal can be taken.

In the early case of *Cambell Et Al.* v. *Sneed*, 5 Ark. 398 this Court said:

"Consequently, as from the transcript before us, no final adjudication of the circuit court, upon the mat-

ters in controversy between the parties, appears to have been made, the case must be regarded as still pending for such adjudication in that court; and therefore, as this court has no jurisdiction over it, until such final adjudication is there made, this writ of error must be dismissed.''

The above rule has been many times affirmed and never overruled by this Court. See also *Smith* v. *Amis,* 193 Ark. 874 (p. 878) 103 S. W. 2d 349.

There can be no contention that there was a *final* order in this case. The Order of the trial court did not dismiss the cause of action, but, on the other hand, it found that the case should be set for trial on its merits. Moreover appellant, in its brief concedes that if there had been a trial appellees would have had the ''right of cross-examination of appellant's witnesses.''

The case of *Wicker* v. *Wicker,* 223 Ark. 219, 265 S. W. 2d 6, reiterates the same rule. There we made this statement:

''An appeal cannot be taken from an order of the chancery court which is not a final order.''

It therefore follows that appellant's appeal must be, and it is hereby, dismissed.