SULPHUR SPRINGS RECREATIONAL PARK, INC.
*v.* CITY OF CAMDEN, ARKANSAS ET AL

5-5079                                                    447 S. W. 2d 844

Opinion delivered December 1, 1969
[Rehearing denied January 12, 1970.]

*G. E. Snuggs,* for appellant.

*Gaughan, Laney, Barnes & Roberts,* for appellees.

LYLE BROWN, Justice. For the background facts in this case see *Sulphur Springs Recreational Park, Inc.* v. *City of Camden et al,* 242 Ark. 340, 414 S. W. 2d 113 (1967). After our decision dismissing that appeal for want of a final order, plaintiff-appellant subsequently sought and was granted another hearing. As a result of the last proceeding, the court again refused to strike the answer of the City of Camden and the individual codefendants. Secondly, on motion of the defendants, the court dismissed the complaint because at the time of the filing of the suit the corporate plaintiff's charter was nonexistent. Notwithstanding the charter was subsequently reinstated, the trial court held that the reinstatement was not retroactive to the date of forfeiture. Sulphur Springs Recreational Park appeals from those two rulings.

*The Refusal of the Court to Strike the Answer.* Recreational Park filed its complaint at Camden on January 14, 1965. Near the top of the complaint was printed "G. E. Snuggs, Lawyer, El Dorado, Arkansas." The complaint was signed "G. E. Snuggs, Solicitor for Plaintiff." Fifteen days later the defendants filed an answer and left a copy in the clerk's office for plaintiff's counsel. The copy was picked up by plaintiff's counsel on February 10, 1965. Ark. Stat. Ann. § 27-362 (Repl. 1962 and Supp. 1967) sets out the manner in which an answer is to be served. Here is the pertinent portion:

> Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address, or if no address

is known, by leaving it with the clerk of the court.

Appellant argues that since Mr. Snuggs' address was shown on the complaint as "Lawyer, El Dorado, Arkansas," the copy of the answer should not have been left with the clerk but should have been mailed to Mr. Snuggs; and that the failure to follow that procedure requires that the answer be stricken. The contention is without merit. The attorneys for the defendants testified that they did not know Mr. Snuggs' mailing address; that is, no specific address in El Dorado was listed; that no address of any kind appeared below Mr. Snuggs' signature where such addresses are commonly listed; and that the fine print "Lawyer, El Dorado, Arkansas" was inconspicuous and was overlooked. In fact the attorneys were not sure Mr. Snuggs had an office in El Dorado. Whether counsel had knowledge of Mr. Snuggs' mailing address was a question of fact and we cannot say he preponderantly showed that knowledge to have been possessed by opposing counsel. Additionally, appellant does not claim any prejudice; in fact it is not disputed that appellant's counsel obtained a copy of the answer from the clerk within ten days after it was timely filed.

*The Dismissal of the Complaint.* The corporate charter of appellant was revoked by a governor's proclamation dated February 1, 1952, for nonpayment of franchise taxes. This suit was filed January 14, 1965. The corporation was reinstated on May 1, 1968. Appellees moved for dismissal of the complaint on the ground that it was filed at a time when the corporate entity was extinct; and that the rescission of the forfeiture was not retroactive.

Appellant did not have corporate status at the time the suit was filed. Not being in existence it possessed no capacity to sue. The subsequent reinstatement did not vest it with continuing existence from date of origin. *Moore* v. *Rommel,* 233 Ark. 989, 350 S. W. 2d 190 (1961).

The restoration of the corporate status before trial creates no right to prosecute the initial complaint. *Clark Estate Co.* v. *Gentry,* 240 S. W. 2d 124 (Mo. 1951).

Appellant says there was no authority for revocation of its charter. That argument is based on the erroneous assumption that it is a nonprofit organization; the fact is that it is chartered as a business corporation.

Additionally, appellant argues that appellees' answer in effect admitted appellant's status as a corporation. Ark. Stat. Ann. § 27-1121 (Repl. 1962) states that the alleged status of a party plaintiff, such as a corporation, shall be admitted unless specifically denied in the answer. In their answer the appellees did not set up a specific denial of the alleged status of plaintiff as a corporation. In April 1967 appellees inquired by interrogatories of the status of the corporation. Appellant refused to supply the information on the ground that the answer admitted the corporation's legal existence. Thereafter appellees amended their answer and alleged the forfeiture of the charter.

We have many times held that it is within the inherent power of the trial court, within certain general limitations, to permit the amendment of pleadings. In *Bridgman* v. *Drilling,* 218 Ark. 772, 238 S. W. 2d 645 (1951), we said:

> We have repeatedly stated that the trial court is vested with broad discretion in allowing amendments to pleadings under Ark. Stat. § 27-1160 in order to effectuate the manifest purpose of the statute to permit the trial of litigation upon its merits.

Of course the particular facts in each instance are significant. Here the appellees timely filed an answer. Before the case was finally called to trial the defendants discovered that the corporation was not in existence at the time the suit was filed. Appellees filed an

amendment asserting that fact and the amendment was accepted by the court. We cannot conceive that amendment to have affected the substantial rights of the plaintiff. Therefore we are unable to say that the court abused its broad discretion pertaining to the allowance of amendments to pleadings.

Affirmed.