Eileen BASS; Carl Simmons; Mary Barry and Arlene Garrahan, Plaintiffs,

v.

Louis CAMPAGNONE, aka "Lou Campagnone," individually, and in his capacity as President, Local 2883, American Federation of State, County, and Municipal Employees, AFL–CIO; Local 2883, American Federation of State, County, and Municipal Employees, AFL–CIO; Council 94, American Federation of State, County, and Municipal Employees, AFL–CIO; J. Thomas Chellel, individually, and in his capacity as President, Council 94, American Federation of State, County, and Municipal Employees, AFL–CIO; Ben Areson, individually, and in his capacity as a Business Agent of Council 94, American Federation of State, County, and Municipal Employees, AFL–CIO; and American Federation of State, County, and Municipal Employees, AFL–CIO, Defendants.

C.A. No. 85–0716 L.

United States District Court, D. Rhode Island, First Division.

March 20, 1987.

Ina P. Schiff, Providence, R.I., for plaintiffs.

Julius Michaelson, Providence, R.I., for Campagnone.

Martha Walfoort, John J. Sullivan, Kirschner, Weinberg & Dempsey, Washington, D.C., Robert Watt, Providence, R.I., John MacFadyen, Providence, R.I., for American Federation of State, County and Municipal Employees, AFL–CIO.

Gerald Cobleigh, Warwick, R.I., for AFSCME Council 94.

## OPINION

LAGUEUX, District Judge.

This matter is before the Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Plaintiffs, all members of defendant Local 2883 of the American Federation of State, County, and Municipal Employees, AFL–CIO (AFSCME) seek, *inter alia*, to recover treble damages and attorney's fees pursuant to 18 U.S.C. § 1964(c), the civil remedies provision of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968. Initially, plaintiffs sought to maintain the instant action on behalf of themselves and "all other persons who are now or at any time since 1977 have been members of or have paid representation or service fees in lieu of dues to Local 2883." However, following objection by defendants, plaintiffs' motion for class certification was denied.

In Count I of their complaint, plaintiffs contend that defendant Louis Campagnone operated, directed and controlled Local 2883 as a racketeer-controlled and influenced organization in violation of 18 U.S.C. § 1962. The activities allegedly conducted by Campagnone include numerous acts of mail fraud, in violation of 18 U.S.C. § 1341, and various acts of embezzlement, fraudulent conversion and obtainment by false pretenses of the Local's funds in violation of R.I.Gen.Laws 1956 (1981 Reenactment) §§ 11–41–3 and 11–41–4. Plaintiffs further allege that Campagnone effectuated unlawful contribution of the Local's funds to the campaigns of certain Rhode Island politicians and payment of the association's funds to various state officials and past and present officials of various labor organizations in violation of unspecified state laws.

In Count II of their complaint, plaintiffs allege that Local 2883 negligently failed to adhere to the policies and procedures established by defendant AFSCME and negligently failed to monitor and supervise Campagnone's activities in breach of its fiduciary obligation to plaintiffs. Counts III and IV of plaintiffs' complaint include allegations that defendants Chellel, Council 94, Areson and AFSCME breached their fiduciary duty to plaintiffs by failing to investigate and terminate Campagnone's allegedly unlawful conduct.

Plaintiffs allege that as a result of the above-detailed activities they have sustained monetary injury as well as loss of effective collective-bargaining representation. Although not articulated in their complaint, plaintiffs apparently claim that they had to pay increased union membership dues because of the alleged wrongful conduct.

Alleging that this Court lacked subject-matter jurisdiction, defendants Campagnone, Local 2883 and AFSCME moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(1). Local 2883 and Campagnone further contended that the complaint failed to state a claim upon which relief could be granted. Campagnone also sought dismissal on the grounds that plaintiffs were not

the real parties in interest as required by Fed.R.Civ.P. 17(a). Additionally, Council 94, Areson and Chellel moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

The motions were referred to a United States Magistrate for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate, in a report filed on July 24, 1986, recommended that the motions to dismiss filed by AFSCME and Local 2883 be granted but that Campagnone's motion be denied. In a subsequent report, filed on December 3, 1986, the Magistrate recommended that the motions of Council 94, Areson and Chellel for judgment on the pleadings be granted.

Campagnone is the only party who has filed an objection to either report. A hearing on Campagnone's objection to the Magistrate's recommendation that his motion to dismiss be denied was conducted by this Court and the matter is now in order for decision.

■ Fed.R.Civ.P. 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." A real party in interest is one who, according to the substantive law, possesses the right sought to be enforced and not necessarily the person who will ultimately benefit from the recovery. *Doherty v. Mutual Warehouse Co.*, 245 F.2d 609, 611 (5th Cir.1957); *Illinois v. Life of Mid-America Insurance Co.*, 805 F.2d 763, 764 (7th Cir.1986) (quoting C. Wright, Law of Federal Courts § 70 (4th ed. 1983)); *Puerto Rico v. Cordeco Development Corp.*, 534 F.Supp. 612, 614 (D.P.R.1982).

■ The applicable substantive law, 18 U.S.C. § 1964(c) provides:

Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

In essence, plaintiffs' claim of injury arises out of Campagnone's alleged misappropriation of the Local's funds which includes dues paid by its membership. Although all of the assets of an unincorporated association such as Local 2883 are vested in all of its members jointly, this ownership right is non-severable. Dues paid by members become the property of the association and any severable or individual interest therein ceases upon payment. Therefore, any injury resulting from Campagnone's alleged activities has been directly sustained by Local 2883 and its members collectively.

Plaintiffs, however, do not seek to redress this direct injury. Plaintiffs maintain the instant action solely in their individual capacities and not as representatives of Local 2883. Individually, plaintiffs have suffered only indirect injury. Any detriment to plaintiffs, including any monetary loss or deprivation of effective collective-bargaining representation is merely a derivative of the direct injury sustained by the Local. Such remote injury is insufficient to bring plaintiffs within the purview of § 1964(c).

Although RICO is to be liberally construed in order to effectuate its remedial purposes, *Sedima, S.P.R.L. v. Imrex Co. Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 3286, 87 L.Ed.2d 5034 (1985) (quoting Pub.L. 91–452, § 904(a), 84 Stat. 947), § 1964(c) must not be interpreted in a manner so as to eliminate its "injury" requirement. *Illinois v. Life of Mid-America Insurance Co.*, 805 F.2d at 765. The mere fact that one has sustained some remote injury as a result of a RICO violation does not confer standing to seek redress under § 1964(c). *Carter v. Berger*, 777 F.2d 1173 (7th Cir. 1985).

In *Carter*, the Court of Appeals upheld the dismissal of a § 1964(c) action filed by a group of taxpayers who alleged only indirect injuries. One of the defendants had pled guilty to bribing county employees in order to obtain lower tax assessments for his clients' property. Plaintiffs claimed that, as a result of the county's attempts to offset the resulting decrease in total tax revenues, they had incurred tax increases.

While recognizing that plaintiffs had sustained indirect injury, the Court of Appeals concluded that only the directly-injured party, the county, could properly maintain a suit pursuant to RICO's civil remedies provision. The taxpayers were instructed to look to the county, not to the wrongdoer for relief. The dues-paying plaintiffs here are in the same position as the plaintiff taxpayers in *Carter.*

The Court held that the prevailing approach in antitrust matters should be equally applicable to RICO actions. Under antitrust law, only a direct purchaser, i.e., one who has dealt directly with the alleged price-fixer, is entitled to recover treble damages for an alleged overcharge. Subsequent purchasers in the distribution chain cannot maintain such an action against the wrongdoer even though the directly-injured party recovered the entire amount of the overcharge by increasing its own prices. Concentrating the entire right to recover in the hands of the directly-injured party best promotes the goal of deterrence that RICO was designed to achieve. *Id.* at 1176.

Similarly, the Courts of Appeals for the second and sixth circuits have concluded that only directly-injured parties may maintain RICO actions. In *Rand v. Anaconda-Ericsson, Inc.,* 794 F.2d 843 (2nd Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 579, 93 L.Ed.2d 582, shareholders of a bankrupt corporation sought, *inter alia,* to assert a RICO claim against parties whose activities allegedly led to the corporation's demise. Plaintiffs sought to redress the accompanying decrease in the value of their stock. In affirming the District Court's determination that plaintiffs lacked standing to maintain a RICO action, the Court of Appeals noted that "[t]he legal injury, if any, was to the [corporation]. Any decrease in value of plaintiffs' shares merely reflects the decrease in value of the firm as a result of the alleged illegal conduct." *Id.* at 849.

In *Warren v. Manufacturers National Bank of Detroit,* 759 F.2d 542 (6th Cir. 1985), plaintiff, in his individual capacity as, *inter alia,* sole shareholder and chairman of the board of a bankrupt corporation sought to maintain a RICO action against a financial institution whose activities allegedly led to the company's insolvency. Plaintiff sought to redress the resulting loss of his total investment in the corporation as well as the termination of his employment. Plaintiff alleged that injuries that he sustained were different from those inflicted upon the company. The District Court, holding that plaintiff in his individual capacity was not the proper party to maintain a RICO action, dismissed the complaint. Adopting the trial court's reasoning, the Court of Appeals affirmed. The Court noted that any injury plaintiff sustained, as either a shareholder or an employee, was merely incidental to, and the result of the corporation's injury. The defendant's activities were directed toward the corporation, not to the plaintiff individually.

The reasoning of the Courts in *Carter, Rand* and *Warren* is equally applicable to the instant matter. Any direct injury has been sustained by Local 2883. Although in the broadest sense, plaintiffs may have been injured by Campagnone's alleged misconduct, any such harm is incidental to, and the result of that sustained by the Local. Accordingly, only Local 2883, not plaintiffs individually, may properly maintain a RICO action pursuant to § 1964(c). The fact that plaintiffs may be the ultimate beneficiaries of any recovery by the Local is not sufficient to afford them the status of real parties in interest.

Therefore, defendant Campagnone's objection to the Magistrate's Report and Recommendation of July 24, 1986 is sustained. That portion of the Magistrate's report that recommends denial of Campagnone's motion to dismiss is rejected. No other timely objection to either report having been filed by any party, the remaining portions of the Magistrate's July 24 report and his entire report of December 3, 1986 are adopted. The recommendations contained therein are accepted. The motions to dismiss filed by defendants Campagnone, Local 2883 and AFSCME and the motions of defendants Council 94, Areson and Chellel for judgment on the pleadings all are granted. The

Clerk shall enter judgment in favor of all defendants.

*It is so Ordered.*