**In re Herbert E. RUSSELL, Debtor.**

**William Russell GIBSON and Thomas S. Streetman, Co-Trustees, Plaintiffs,**

**v.**

**Couch DENNIS; Bonnie Dennis; Sandra King, Executrix of the Estate of Howard Meek, Deceased; Raymond Pittman; Helen Pittman; Virgil Lewis and Jerry Minor Lewis, Defendants.**

**Bankruptcy No. 84–11058M.
Adv. No. 89–1514M.**

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Sept. 7, 1990.

---

Ian Vickery, El Dorado, Ark., for defendants.

William S. Arnold, Crossett, Ark., for plaintiffs.

Charles W. Tucker, Asst. U.S. Trustee, Little Rock, Ark.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On December 12, 1989, the trustee [1] for the estate of Herbert E. Russell (the estate) filed this adversary proceeding, seeking a declaratory judgment and a turnover order, against Couch Dennis; Bonnie Dennis; Sandra King, Executrix of the Estate of Howard Meek, Deceased; Raymond Pittman; Helen Pittman; Virgil Lewis; and Jerry Minor Lewis (defendants). The complaint alleged, in relevant part, that certain real property was owned by Enchanted Woods, Inc., (Enchanted Woods) a corporation wholly owned by the estate, and that the defendants were illegally claiming title to and possession of the property. The complaint further alleged that on January 9, 1987, Enchanted Woods' corporate charter was forfeited for nonpayment of franchise taxes due the State of Arkansas and, as a consequence of this forfeiture, the trustee became the owner of the real property by virtue of ownership of all of the stock in Enchanted Woods.

The defendants filed a motion to dismiss alleging that Enchanted Woods was the real party in interest and the estate had no standing to bring this action because no formal dissolution of the corporation had occurred. The trustee responded by arguing that forfeiture of the corporate charter for nonpayment of taxes acted to convey the assets of the corporation to its share-

---

1. This action was commenced by the estate's co-trustees, William R. Gibson and Thomas S. Streetman. Streetman became the sole trustee upon Gibson's resignation on February 20, 1990.

holders. The motion to dismiss was taken under advisement after oral arguments and the submission of briefs.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). The Court has jurisdiction to enter a final judgment in the case.

■ Bankruptcy Rule 7017(a) provides, in part, that "every action shall be prosecuted in the name of the real party in interest." The real party in interest is the party which, according to the substantive law of the forum state, possesses the right sought to be enforced and not necessarily the party which will ultimately benefit from recovery. *Bass v. Campagnone*, 655 F.Supp. 1390, 1392 (D.R.I.1987), *aff'd*, 838 F.2d 10 (1st Cir.1988). Therefore, Arkansas law determines what rights Enchanted Woods and the estate, as its sole shareholder, have in the property in question.

■ A corporation has a legal existence separate from its shareholders, and assets of a corporation are owned by the corporation, not its shareholders. 18A Am. Jur.2d *Corporations* § 749 (1985). *See Arkansas Iron & Metal Co. v. First Nat'l Bank*, 16 Ark.App. 245, 251, 701 S.W.2d 380, 383–84 (1985); *Red Bud Realty Co. v. South*, 96 Ark. 281, 291, 131 S.W. 340, 344 (1910). The question to be determined is what effect forfeiture of a corporation's charter has upon ownership of the corporate assets.

The distinction between dissolution of a corporation and forfeiture of a corporation's charter was described in 16A W. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 8113 (rev.perm. ed.1988), as follows:

> According to the principles of the common law, a corporation which has been legally dissolved is dead. It no longer enjoys an existence for any purpose.... A corporation which is in default of its franchise or license taxes or which fails to make reports required by statute is not thereby dissolved but merely suffers

certain penalties, including a suspension of its powers.

The author further explains:

> [U]nder the laws of the state, the cancellation of the corporation's charter by the secretary of state, or the proclamation of forfeiture by the governor, may not operate to dissolve the corporation, but may merely constitute a declaration of the fact of forfeiture upon which a dissolution suit can be based.

*Id.* § 7997, at 69 (footnotes omitted).

■ It is within the power of the state legislature to declare that a corporation delinquent in payment of franchise taxes shall *ipso facto* cease to exist. *Id.* at 66 nn. 5–6. Arkansas law does not so provide.[2] Ark.Code Ann. § 26–54–111(b) (Supp.1989), provides as follows:

> The Governor, within fifteen (15) days after receipt of the list [of corporations delinquent in payment of franchise taxes], shall issue his proclamation proclaiming as forfeited the corporate charters or authorities, as the case may be, of the corporations.

Several Arkansas statutes presuppose that a corporation whose charter has been forfeited has not yet been dissolved. For example, without changing prior law, the Arkansas legislature enacted Ark.Code Ann. § 4–27–1420 (Supp.1989), which provides that the Secretary of State may commence proceedings to "administratively dissolve" a corporation if the corporation has not paid its franchise taxes within sixty days after they are due. Ark.Code Ann. § 26–54–110 (Supp.1989) provides that, before a corporation can be dissolved, the corporation must pay any franchise taxes that are due. If the forfeiture of a corporate charter effected a dissolution of the corporation, there would be no need for the alternative remedy of administrative dissolution and there would be no requirement for payment of the delinquent taxes *prior* to dissolution.

---

2. The Arkansas Business Corporation Act of 1987 applies to corporations incorporated after December 31, 1987, or existing corporations which elect to be covered under the Act. Since Enchanted Woods' charter was forfeited almost one year before the Act's effective date, it will be assumed, for purposes of this opinion, that prior law governs.

Another indication that the Arkansas legislature did not intend to equate charter forfeiture with corporate dissolution is found in Ark.Code Ann. § 26–54–112 (Supp. 1989), which provides that a corporation whose charter has been forfeited for nonpayment of taxes may be reinstated to all its rights, powers, and property upon payment of the delinquent taxes. As stated in 16A Fletcher, *supra* § 7998, at 91 (footnotes omitted):

> Provision is generally made for reinstatement of corporations which through default in making the reports or paying the license fees required by law have had their right to transact business suspended or have been stricken from the records. Consequently, so long as there is a statutory right to be reinstated, the proclamation of forfeiture for nonpayment of taxes does no more than forfeit the corporate right to do business, and does not extinguish the corporation as a legal entity.

*See Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan v. Hroch*, 757 F.2d 184, 190–91 (8th Cir.1985).

■ Since a corporation with a forfeited charter has not been dissolved, the corporation continues to exist for limited purposes. Although the Arkansas statutes do not define the limited powers of a corporation whose charter has been forfeited, the statutes do set forth the rights and powers of a dissolved corporation in the process of winding up its affairs:

> (a) A dissolved corporation, its directors, officers, and shareholders, may continue to function for the sole purpose of winding up the affairs of the corporation in the same manner as if the dissolution had not taken place. . . .
>
> (b) In particular, and without limiting the generality of the foregoing:
>
> (1) The directors of a dissolved corporation shall not be deemed to be trustees of its assets; title to the assets shall not vest in them or in the shareholders but shall remain in the corporation until transferred by it in its corporate name;
>
> . . . .

> (4) The corporation may sue or be sued in its corporate name in all courts and participate in actions and proceedings, whether administrative, or otherwise, in its corporate name. Process may be served upon it or upon its behalf in the same manner as if there had been no dissolution[.]

Ark.Code Ann. § 4–26–1104 (1987). Since a corporation with a forfeited charter continues to have more vitality as a dissolved corporation, its powers should be at least equivalent to those of a dissolved corporation winding up its affairs.

■ Under Arkansas law, a dissolved corporation retains legal title to its assets until a proper conveyance to the shareholders, and it follows that a corporation with a forfeited charter would likewise retain legal title. *See* 16A W. Fletcher, *supra* § 7997; *Duncan v. Jones*, 450 N.E.2d 1019 (Ind.App.1983); *Regal Constr. Co. v. Hansel*, 596 S.W.2d 150 (Tex.Civ.App.1979); *Wax v. Riverview Cemetery Co.*, 41 Del. 424, 24 A.2d 431 (Super.1942). Corporate assets may be conveyed to shareholders, but only after a formal dissolution as set out in Ark.Code Ann. §§ 4–26–1101 to –1109. No conveyance to the shareholders has been made in this instance; therefore, the legal title to the real property in question remains with the corporation, Enchanted Woods.

Ark.Code Ann. § 4–26–1104 also clearly provides that a dissolved corporation has the power to sue and defend. Other jurisdictions have held that a corporation whose charter has been forfeited retains the capacity to sue and defend. *GMS Mgmt. Co. v. Axe*, 5 Ohio Misc.2d 1, 449 N.E.2d 43 (Mun.Ct.1982). No Arkansas case under the applicable statutory scheme has held that such a corporation has lost its capacity to sue. *See Sulphur Springs Recreational Park, Inc. v. City of Camden*, 247 Ark. 713, 447 S.W.2d 844 (1969) (decision under prior law). Since the legal title to this property belongs to the corporation, it is imperative that the corporation retain the power to enforce its rights in the property.

Therefore, Enchanted Woods is the real party in interest to this action. The defen-

dants' motion to dismiss is granted without prejudice.

IT IS SO ORDERED.