United States Court of Appeals,

Fifth Circuit.

No. 96-60162.

In the Matter of Tommy Ray HENSON;  Viola Norwood Henson, Debtors.

Tommy Ray HENSON;  Viola Norwood Henson, Appellants,

v.

FIRST TOWER LOAN, INC., doing business as Tower Loan of Prentiss, Appellee.

Jan. 22, 1997.

Appeal from the United States District Court for the Southern District of Mississippi.

Before GARWOOD, DAVIS and STEWART, Circuit Judges.

STEWART, Circuit Judge:

Tommy Ray Henson and Viola Norwood Henson ("the Hensons") appeal a district court order, which affirms a ruling from the Bankruptcy Court for the Southern District of Mississippi.  The order being appealed overruled the Hensons' objection to First Tower Loan, Inc.'s, ("Tower") proof of claim and ruled that a second Deed of Trust which was executed by the Hensons in favor of Tower was valid and enforceable despite the presence of a covenant in a first Deed of trust held by the Farmers Home Administration ("FmHA") providing that "[n]either the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government."  For the following reasons, we affirm the order of the district court.

FACTS

On May 25, 1982, the Hensons executed a Deed of Trust to FmHA in the amount of $24,000.00 ("the first Deed of Trust"). On December 29, 1993, the Hensons executed a Promissory Note, Disclosure Statement, and Security Agreement with Tower in the amount of $3,124.09. On the same date, the Hensons executed a Deed of Trust to Tower ("the second Deed of Trust") on the same piece of property on which the FmHA holds the first Deed of Trust.

On February 22, 1994, the Hensons commenced a case under Chapter 13 of the Bankruptcy Code. On April 20, 1994, Tower filed a proof of claim for $4,140.00 as secured interest based upon its second Deed of Trust. On August 2, 1994, the Hensons filed an objection to the proof of claim filed by Tower, alleging that the second Deed of Trust was void because of Tower's failure to obtain the written consent of the FmHA. In addition, the Hensons claimed that Tower should be relegated to the status of unsecured creditor and an Order be entered canceling the second Deed of Trust. On August 5, 1994, Tower filed an answer to the Hensons' Objection to Tower's proof of claim.

On June 27, 1995, Edward R. Gaines, Bankruptcy Judge for the Southern District of Mississippi, entered an order denying the Hensons' objection to Tower's proof of claim. The court concluded that the Hensons' argument that the second Deed of Trust is void for failure to obtain consent by the FmHA is unsupported by law. The decision was appealed to the United States District Court for the Southern District of Mississippi.

On February 7, 1996, Judge Charles W. Pickering, Sr., affirmed

the decision of the bankruptcy court denying the Hensons' objection. In his opinion, Judge Pickering adopted and expanded the reasoning of the Bankruptcy Court opinion, stating: "Like the bankruptcy court, this Court is unaware of any positive law which would require a finding that the second Deed of Trust held by Tower Loan should be declared void." Record Vol. I:3.

On March 6, 1996, the Hensons' filed a Notice of Appeal to this court from the order of the district court.

DISCUSSION

The facts of this case are not disputed and have been stipulated by the parties. As such, we review the district court's ruling *de novo*. This is an issue of first impression for this Court.

The first Deed of Trust executed by the Hensons' to the FmHA on May 25, 1982, provides, in pertinent part, as follows:

> BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors, and assigns COVENANTS AND AGREES as follows:
>
> ....
>
> (12) *Neither the property or any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government (FmHA).* The Government shall have the sole and exclusive rights as beneficiary hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

Appellants' R.E. at 18-19 (emphasis added).

Both of the lower courts' rulings were based on the fact that the preceding excerpt, although prohibitive, did not contain

language declaring transfers or assignments without consent to be void. In the absence of "legal or contractual authority," both courts declined to make a determination that the second Deed of Trust was void. Furthermore, the district court noted that the contract provided that failure "to abide by the covenants set forth in the first Deed of Trust would amount to an incident of default, thereby permitting the Farmers Home Administration to declare the entire amount immediately due and payable and allowing foreclosure." Record Vol. I:2.

The statement by the district court indicates its analysis of the first Deed of Trust incorporated a reading of paragraph twelve with the remedies paragraph, paragraph eighteen which reads as follows:

> (18) *SHOULD DEFAULT occur* in the performance of discharge of any obligations in this instrument or secured by this instrument, ... *the Government (FmHA), at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, ...*

Appellants' R.E. at 19 (emphasis added).

Thus, the district court's analysis has the effect of reading paragraphs twelve and eighteen together as a "due on sale clause." We agree.

Specifically, we hold that the contract language contained in the first deed of trust clearly states that failure to obtain written consent from the FmHA prior to further encumbering the Hensons' property creates an incident of default only, and that the clause at issue is analogous to a "due-on-sale" clause and is thereby enforceable at the option of the FmHA against the Hensons.

4

The Hensons argue that the rulings of the lower courts are in error; the second Deed of Trust should be declared void as violative of the first Deed of Trust; conveyance instruments like the first Deed of Trust are recorded instruments and a sophisticated lender, such as Tower, had a the burden of examining the documents previously recorded, and; the Hensons and their five children should not lose their home because Tower was not diligent. The Hensons, however, do not provide any specific legal or contractual authority supporting their position. In the absence of any positive law which would require a finding that the second Deed of Trust should be declared void, we find the Hensons' arguments unpersuasive.

Our decision today is consistent with prior decisions of the Mississippi Supreme Court. That court has held that a valid due on sale clause can give the first lienholder the right to foreclose on the property, but does not necessarily have the effect of voiding a subsequent encumbrance on the property. *See Unifirst Federal Savings & Loan Assoc. v. Tower Loan of Mississippi,* 524 So.2d 290 (1988). In *Unifirst,* a holder of a second Deed of Trust, which had foreclosed its interest, brought a civil action against the first deed of trust holder seeking declaratory, injunctive, and other relief after the first Deed of Trust holder invoked the due on sale clause in its Deed of Trust. There, the court held that although the specific due on sale clause did not prohibit subordinate encumbrance on the property, the clause was valid and enforceable upon foreclosure of the junior lienholder.

## CONCLUSION

For the foregoing reasons, the ruling of the district court is AFFIRMED.