**In re Kathleen E. PENNINO.**

**Bankruptcy No. 97–60150 S.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

July 22, 1997.

**660**

C. Marc Honey, Hot Springs, AR, for Debtor.

Mary Winzerling, Little Rock, AR, Eudox Patterson, Hot Springs, AR, for Samuel and Mary Green.

David D. Coop, Little Rock, AR, Chapter 13 Trustee.

### ORDER

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the bifurcated trial of a motion for relief from stay. Inasmuch as the Court finds that the debtor's interest in the property is property of the estate, the motion will be scheduled for final hearing.

On May 8, 1996, the debtor and another individual incorporated St. Peter and Paul, Inc. ("the corporation"). The next month, the corporation entered into a contract with Samuel and Mary Green to purchase certain real estate. The Contract for Sale of Real Property with Escrow contained an anti-alienation clause which provided in pertinent part:

2. The Buyer, in consideration of the premises, covenants with the Sellers as follows: * * * *

(f) The Buyer will neither sell, convey, bargain or grant the aforesaid property or any interest therein without the prior writ-ten consent of the Seller, the aforesaid contract and lien being non-assumable.

\* \* \* \* \* \*

5. This contract is on the express condition that if default shall be made in the payments ... or in the performance of any of the covenants herein contained on the part of the Buyer, then the whole of the said principal sum, with accrued interest thereon, shall at the election of the Sellers become immediately due and payable....

Payments not being timely made, the Greens instituted a foreclosure action against the corporation on December 3, 1996. By documents signed on February 24, 1997, but not submitted to the Arkansas Secretary of State until March 12, 1997, Pennino dissolved the corporation. Thereafter, the corporation quit-claimed all of its assets, including the real estate, to Pennino. The quitclaim deed was recorded on April 9, 1997.

Unsure of the legal effect of these machinations, and, with notice that Pennino had filed a case under Chapter 13 of the Bankruptcy Code on February 25, 1997, the Greens filed the instant motion for relief from stay. The pleading before the court is the second amended motion for relief, filed on May 20, 1 997, which alleges that the quit claim deed is void such that the real estate is not property of the debtor's estate but, rather, is property of the corporation, a separate legal entity. Specifically, the Greens assert that the anti-alienation provision voids any attempt to convey the property.

The first issue for the Court is whether the conveyance from the corporation to Pennino is void where the land-sale contract prohibited the conveyance without the consent of the Greens. Under Arkansas law, anti-alienation provisions in mortgages are generally disfavored. *Cf. Hill v. Day*, 231 Ark. 550, 331 S.W.2d 38 (Ark.1960). Although such provisions are not void as a matter of policy, a mortgagee is not permitted, for example, to unreasonably withhold its consent to a transfer of the property. *Tucker v. Pulaski Federal Savings & Loan Association*, 252 Ark. 849, 481 S.W.2d 725 (Ark.1972). Indeed, in Arkansas, the determination of whether a mortgagee can reason-

ably withhold consent can be made after a violative transfer occurs. *See id.* Thus, even though a contract may prohibit a transfer of property without the mortgagee's consent, a transfer made in violation of the provision is not void. *See id; see also Henson v. First Tower Loan, Inc. (In re Henson),* 103 F.3d 470 (5th Cir.1997)(under Mississippi law, "a valid due on sale clause can give the first lienholder the right to foreclose on the property, but does not necessarily have the effect of voiding a subsequent encumbrance on the property."). Thus, although the corporation was prohibited by contract from transferring the property to Pennino, the transfer is not void. Rather, like the provisions in the cited cases, the contract in the instant case provides the specific remedy of accelerating the note and foreclosing upon the property, assuming consent to the transfer was not unreasonably withheld.

Similarly, the corporation's failure to provide for payment of its liabilities upon dissolution, including payment of the note to the Greens, does not necessarily void the conveyance. While Arkansas law provides that the corporation is require to wind up its affairs, Ark.Code Annot. § 4–26–1103(2), and make payment to its creditors, *id.* § 4–26–1103(3), it also provides for distribution of its assets to its shareholders, *id.* § 4–26–1103(3)(B). While the corporation is generally required to satisfy its debts prior to distribution to the shareholders, *In re Russell,* 121 B.R. 16, 17 (Bankr.W.D.Ark.1990), Arkansas law does not void a transfer for failure to comply with these statutes. Rather, the creditor's remedy, like the enforcement of the anti-alienation clauses, is to sue the corporation and or shareholders for the liabilities. *See In re Russell,* 123 B.R. 48, 51 (Bankr.W.D.Ark.1990)(dissolved corporation may be sued).

Since the transfer of property to Pennino is not void, the quitclaim deed effects a transfer of property to Pennino, and, under the Bankruptcy Code, the interest Pennino acquired in the real estate becomes property of the estate. 11 U.S.C. §§ 541(a), 1306. Under section 541(a) of the bankruptcy code, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 1306, applicable in the Chapter 13 context, expands this concept even further, providing for inclusion of property acquired after the commencement of the case without limitation.[1] Accordingly, upon execution of the quitclaim deed on behalf of the corporation, the estate acquired an interest in the subject real estate.

The Greens argue that this Court's ruling in *Washington v. General Motors Acceptance Corporation, (In re Washington),* 137 B.R. 748 (Bankr.E.D.Ark.1992), precludes the debtor from "importing" a debt for which the debtor is not liable into the case. In *Washington* the debtor's father had purchased an automobile for the debtor's use and later issued an unrecorded bill of sale transferring the automobile to the debtor. Although the father had signed the note, the debtor provided the down payment and made all of tie monthly payments on the automobile. The Court determined in *Washington* that, although the debtor had some interest in the vehicle, she could not provide adequate protection to the creditor and, thus, was not entitled to turnover of the vehicle. Although the Court agrees with much of the Green's analysis of *Washington,* the fact that the debtor is not liable on the debt secured by the real property does not remove her interest in the real property interest from the estate. Rather, like the situation in *Washington,* it supports the argument that cause for relief from stay exists. Although the facts of this case, the law and remedies available to the Greens, at this juncture, overwhelmingly support a finding of cause for relief from stay, the Court bifurcated this matter for an initial determination of whether the subject real estate was property of the estate. Inasmuch as that determination has been made, the debtor is entitled to argue that cause has not been shown despite the remedies available under Arkansas law.

---

1. The plan in this case has not been confirmed. Thus, the Court need not consider whether section 1327(b), which provides for revesting of property of the estate in the debtor upon confirmation, has any impact upon this issue.

**662**

Further, the Greens are entitled to a hearing on their allegations that the debtor's actions were in bad faith such that cause tor relief from stay is merited. Accordingly, it is

**ORDERED** as follows:

The Motion for Relief from Stay, filed on April 3, 1997, is Denied as Moot.

2. The Amended Motion for Relief from Stay, filed on April 17, 1997, is Denied as Moot.

3. The conclusion of the Second Amended Motion for Relief from Stay will be heard on July 31, 1997, at 1:00 p.m. in Room 308 of the United States Courthouse located at 600 West Capitol Ave., Little Rock, Arkansas.

**It IS SO ORDERED.**