TRIBCO MANUFACTURING COMPANY, Inc. *v.*
PEOPLE'S BANK of IMBODEN and Dorothy Downing,
Personal Representative of the Estate of Bob Downing

CA 98-1515 998 S.W.2d 756

Court of Appeals of Arkansas
Division II
Opinion delivered September 15, 1999

*Arlon L. Woodruff,* for appellant.

*Lyons, Emerson & Cone, P.L.C.,* by: *Scott Emerson,* for appellee People's Bank of Imboden.

*Charles R. Singleton,* for appellee Dorothy Downing, Personal Representative of the Estate of Bob Downing.

JOSEPHINE LINKER HART, Judge. On May 18, 1992, appellant filed a complaint against appellees alleging breach of contract and tortious conduct by appellees. After allowing appellees to amend their pleadings to allege the defense of lack of capacity, the trial court granted appellees' motions for summary judgment on August 5, 1998. For reversal, appellant asserts that the trial court erred by allowing appellees to assert that defense. In support of its contention, appellant first argues that the lack-of-capacity defense is an affirmative defense that must be raised in the initial response to the complaint. Second, appellant maintains that appellees' motions for summary judgment and the amended answer were untimely and, thus, constitute a waiver of that defense. Third, appellant contends that appellees' untimely assertion of the lack-of-capacity defense allowed the statute of limitations to run on this action, and therefore, appellees are estopped from obtaining the benefits of that defense. Fourth, appellant

argues that the reinstatement of its corporate charter is retroactive to the date of revocation and, thus, it is entitled to a trial on the merits. We disagree and affirm.

It is undisputed that appellant's corporate charter was revoked on December 19, 1991, for nonpayment of franchise taxes and was not reinstated until July 24, 1998. On May 18, 1992, some five months after its charter was revoked, appellant filed its complaint alleging, among other things, that it was an Arkansas corporation. Appellees filed a timely joint answer and responded that they neither admitted nor denied appellant's corporate status.

After a trial date was set for August 11, 1998, appellee, Bank of Imboden, filed a motion for summary judgment on July 21, 1998, asserting for the first time that appellant was not a valid Arkansas corporation and, therefore, lacked the capacity to bring this action. Three days later, appellant's corporate charter was reinstated by the Secretary of State. The appellees then filed their amended answers on August 5, 1998, and again asserted the defense of lack of capacity.

█ To support its first argument that appellees are required to plead the lack-of-capacity defense in their original answer, appellant cites Rule 8 of the Arkansas Rules of Civil Procedure. Rule 8(c) provides that any matter constituting an avoidance or affirmative defense shall be asserted in responding to the complaint. Nothing in this rule mandates that the defense be barred unless asserted in the first response to the complaint. Rule 12(h) of the Arkansas Rules of Civil Procedure lists the specific defenses that are waived if not asserted in the original responsive pleading. The defense of lack of capacity is not included in Rule 12(h) as a defense that must be asserted in the original answer in order to avoid the doctrine of waiver. Although Rule 9 of the Arkansas Rules of Civil Procedure provides that lack of capacity shall be by specific negative averment, it does not provide that the defense is waived if not asserted in the first response to the complaint. Thus, appellant's argument is without merit.

Appellant cites *Flanagin v. Drainage District No. 17*, 176 Ark. 31, 2 S.W.2d 70 (1928), to support its second argument that appellees waived the defense of lack of capacity by allowing the

case to be developed for a period of six years before asserting the lack-of-capacity defense twenty-one days before trial. We disagree. The facts of the present case are distinguishable from those in *Flanagan* because there the movant did not assert the lack of capacity defense until after proof on the merits had been submitted. Here, appellees raised the defense prior to trial. Our supreme court held in the subsequent case of *Flanagan v. Burden Construction Corp.*, 238 Ark. 43, 377 S.W.2d 870 (1964), that a party does not waive its right to be dismissed from the action where this issue is raised prior to a hearing on the merits. *See also Sulphur Springs Recreational Park, Inc. v. City of Camden*, 247 Ark. 713, 447 S.W.2d 844 (1969).

■ Rule 15(a) of the Arkansas Rules of Civil Procedure allows a party to amend its pleadings at any time unless the opposing party objects and the court finds prejudice or undue delay would result from the amendment. The trial court heard arguments regarding the lack-of-capacity defense on August 5, 1998, the same day the amended answers were filed, but allowed appellees' amendment of the answer to stand as appellant knew of the defense on July 21st when the motion for summary judgment was filed. The trial court has broad discretion in determining whether an amended answer should be allowed to stand and will not be reversed absent an abuse of discretion. *Turner v. Stewart*, 330 Ark. 134, 952 S.W.2d 156 (1997). Based upon the facts presented, we do not find the judge abused his discretion in allowing the lack-of-capacity defense to be asserted prior to trial.

■ ■ For its third point, appellant argues that appellees are estopped from asserting the defense of lack of capacity because they did not assert that defense until the statute of limitations had run on this action. Appellant's argument is without merit. A party asserting estoppel must show that the party to be estopped knows the facts; the other party must be ignorant of the true facts; the party to be estopped must have acted so that the other party had reason to believe that the party intended its conduct to be acted upon; and the other party relied on the conduct to its prejudice. *Kitchens v. Evans*, 45 Ark. App. 19, 870 S.W.2d 767 (1994). Thus, to prove estoppel, appellant had to show that appellees knew appellant lacked corporate status; that appellant was unaware

it lacked corporate status; that appellant had the right to believe appellees would not assert its lack of corporate status as a defense to the action; and appellant relied on appellees' failure to assert its lack of corporate status to its detriment. As appellant failed to prove any of these four elements, we find the trial court did not err in declining to apply the doctrine of estoppel.

 Pursuant to Ark. Code Ann. § 16-56-126 (Repl. 1997), appellant could have requested a nonsuit and filed a new action within one year of the entry of the order of nonsuit without regard to the statute of limitations. The right to nonsuit prior to the submission of the case to the jury is absolute. *Blaylock v. Shearson Leman Bros., Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997). A nonsuit has the effect of an absolute withdrawal of the claim and carries with it all the pleadings and all issues with respect to a plaintiff's claim. *Austin v. Austin*, 241 Ark. 634, 409 S.W.2d 833 (1966). The trial judge discussed with appellant's counsel the option to nonsuit, and this option was declined.

 For its fourth and last point, appellant maintains that the reinstatement of its corporate status under Ark. Code Ann. § 26-54-112 (Repl. 1997), retroactively restored the corporation as of the date of its revocation. In *Sulphur Springs, supra*, the Arkansas Supreme Court held that a subsequent reinstatement of a corporate charter does not vest the corporation with continuous existence from its date of origin. *See also, First Commercial Bank v. Walker*, 333 Ark. 100, 969 S.W.2d 146 (1998); *Schmidt v. McIlroy Bank & Trust*, 306 Ark. 28, 811 S.W.2d 281 (1991). Thus, the trial court did not commit error by granting appellees' motions for summary judgment.

We affirm the decision of the trial court.

Affirmed.

GRIFFEN and ROGERS, JJ., agree.